### NELSON et al. v. REID et al.

#### No. 995.

District Court, S. D. Florida, Miami Division.

Dec. 27, 1944.

Harold B. Wahl, of Jacksonville, Fla., for plaintiffs.

McKay, Dixon & DeJarnette, of Miami, Fla., for defendants.

HOLLAND, District Judge.

On December 20, 1944, counsel for the respective parties appeared in chambers and presented the several motions hereinafter referred to. Extended argument was had, and the matter was taken under consideration.

I first consider the motion for production and discovery under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, which motion was filed November 30, 1944. This motion should be denied. Stark v. American Dredging Co., 3 F.R.D. 300; Moore's Federal Practice, 1944 Supplement, at page 264, is authority for this statement; "Nevertheless, as in the case of depositions under Rule 26, there is a growing tendency to prevent any inquiry into matters obtained by the adverse party in the preparation of his action or defense." Cases are there cited for this statement. This statement of the law, as applied to this case, meets my approval.

I now take up motion for answers to interrogatories. This motion was filed November 15, 1944. In answer to one of the interrogatories, the defendants state that they have no personal knowledge as to whether the dog in question did injure Sandy Nelson. The broad scope given to the Rules of Federal Procedure with reference to interrogating the opposite party is fully recognized. The plaintiff is entitled to interrogate the defendants both as to the plaintiff's case and as to the defendants' case. The plaintiff is entitled not only to seek answers with reference to detailed facts, but also as to ultimate facts. The plaintiff is also entitled, in addition to ob-

taining discovery, to seek admissions for the purpose of the trial. In this case, however, the plaintiffs desire, in spite of the answer that no personal knowledge was had of the alleged assault by the dog, to have the defendants hunt up or search out information, and, based on such hearsay information, to make admissions. In this case, with the defendants having no personal knowledge of the alleged assault of the dog, the defendants are not required to seek information from others, and based thereon to make admissions for the purpose of trial.

In one particular the answers filed are not sufficient, and the defendants should amend their answer to state the sex of the dog involved, and to give the dog's pedigree if they have it. This supplemental answer should be made within ten days of this date. In all other respects the said motion is denied.

I next take up the motion for summary judgment under F.R.D. Rule 56. For the reasons heretofore assigned in this order in making the other rulings, said motion is denied.