**UNITED STATES v. AMERICAN LOCOMOTIVE CO. et al.**

**Civil Action No. 545.**

District Court, N. D. Indiana, Hammond Division.

July 30, 1946.

Ewart Harris, Sp. Atty, of Chicago, Ill., and Earl Hevers, Sp. Atty., of Washington, D. C., for plaintiff.

Charles Dickerman Williams and Milton D. Lifset, both of New York City, for American Locomotive Co.

John D. Black, of Chicago, Ill., for American Locomotive Co., Baldwin Locomotive Works, and Railway & Industrial Spring Ass'n.

Ernest F. Mechlin, of Washington, D. C., for Symington-Gould Corporation.

John B. Robinson, Jr., of Chicago, Ill., for American Steel Foundries.

James J. Magner, of Chicago, Ill., for Universal Railway Devices Co.

Edmund Trent, of Pittsburgh, Pa., for Crucible Steel Co. of America, Pittsburgh Spring & Steel Co., and Pittsburgh Steel Foundry Corporation.

L. L. Bomberger, of Hammond, Ind., for all defendants except Railway & Industrial Spring Ass'n.

SWYGERT, District Judge.

On the objections to the interrogatories filed by the defendants, I would like to announce my ruling.

I might say since the arguments on those objections, I have not only gone over the interrogatories and the objections and the briefs, but I have had the benefit of and have studied the transcript of the arguments heard June 11th.

I have prepared a preliminary statement with reference to the rulings as to specific objections. I shall give that first, in order to give a background of reason for the specific rulings on these objections.

As I understand the defendants, their main objection to these interrogatories is the burden and expense to which they say they will be put if required to answer these questions. They maintain that it will necessitate an extensive search of their files and records over a period of thirteen and one-half years. Further, that they will be required to analyze their files, segregate the information and collate it, as well as to compile data and figures. Only in two or three instances do the defendants object on the ground of irrelevancy. That is, in the main they do not say that the information sought is not germane to the issues; rather, their position is that it is too diffi-

cult to get and that they should not be the ones required to get it.

As I see it, a suit of this nature is apt to cover a considerable period of time and involve a multitude of transactions. A business practice, not of one, but of several parties, is the subject matter of the action. As we all know from the recorded cases of similar litigation, anti-trust cases are not rivaled by any other type of litigation for complexity and sheer size. Whether this case is typical, of course I do not know at this stage, except for the period of time alleged in the complaint, for the number of parties involved, and for the fact that, as counsel have pointed out in their arguments, there are three general phases to the case. Then, too, the nature of the case—a conspiracy to violate the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note—would indicate that perhaps many of the essential facts, whether they be in favor of or against the Government's case, have to do with interparty transactions and communications between the defendants, and which can only be produced under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, or at the trial through some discovery process preliminary to a demand for their production.

If relevant evidence exists which may tend to prove or disprove a disputed issue of fact, it seems to me that the question of burdensomeness of bringing that evidence to light and making it available to the parties is secondary in importance. Facts which are material or relevant to the issue should not be left unearthed simply because their whereabouts are hard to ascertain.

Of course, the questions of relevancy and burdensomeness are relative to each other, and it is my view that where the burden is heavy, where a segregation and analysis of a great mass of material is necessary, or where data and information must be compiled and collated, some, and perhaps the greatest share, of that burden and effort should fall on the party seeking the information. I think the parties themselves have recognized this, by the defendants' offer of an examination of their files, and

the Government's acceptance of that offer. In other words, both have tacitly recognized that the facts sought may be relevant, but the stumbling block is who is to dig out and sift the information when it is not readily available.

I have attempted to reflect this rationale of the problem in my rulings.

One other word concerning the defendants' contention that the Court should scrutinize the interrogatories carefully and resolve all doubts against the Government because of the plaintiff's extensive investigation before bringing the suit. I am not certain that the defendants maintain this as a formal bar to the interrogatories. Be that as it may, I do not understand that the rules of discovery are rendered impotent if the inquiring party has made a prior investigation before commencing the suit. One of the purposes of these rules is to discover evidentiary facts after the suit is started and before trial and "to supplement" by discovery "the pleadings for the purpose of disclosing the real points of dispute." Moore's Federal Practice Sec. 26.01.

Of course, if it were demonstrated that an inquiring party had possession of the identical information which was inquired about, that might be a valid ground for an objection. But the bringing of a lawsuit does not mean that when the suit is filed there is readily available and known to both parties all of the multifarious evidentiary facts which may be in existence and which may be relevant in proving the plaintiff's case, or which are apt to be proffered as a defense. The rules of discovery were designed to facilitate both the preparation for and the trial of cases, and are available only after suit has been instituted.

As I said, I would like that statement to serve as a background for these rulings. I have prepared rulings on the specific objections. They are subject, of course, to your suggestions as to change in mechanics. I have copies at least partially sufficient to furnish counsel. I will ask the Clerk to hand them to counsel.

On the rulings on objections to interrogatories to be answered by all defendants except Railway and Industrial Spring Association, Universal Railway Devices Company, and Symington-Gould Corporation, I shall read these and take them up after I have finished reading them.