318

**CINEMA AMUSEMENTS, Inc., v. LOEW'S, Inc. et al.**

**Civ. A. No. 891.**

District Court, D. Delaware.

July 14, 1947.

Thurman Arnold (of Arnold & Fortas), of Washington, D. C., and Clair J. Killoran (of Killoran & Van Brunt), of Wilmington, Del., for plaintiff.

Ayres J. Stockly (of Hastings, Stockly, Walz & Wise), of Wilmington, Del., for defendant Twentieth Century-Fox Corp.

E. Ennalls Berl (of Southerland, Berl & Potter), of Wilmington, Del., for defendants Loew's Inc. and Radio Pictures, Inc.

James V. Hayes and Richard P. Heppner (of Donovan, Leisure, Newton, Lumbard & Irvine), both of New York City, for defendants Loew's Inc., RKO Radio Pictures, Inc., and Twentieth Century-Fox Corp.

RODNEY, District Judge.

This case involves the determination of objections to interrogatories. The plaintiff has asked each of the defendants to answer 46 interrogatories, some of which contain subdivisions. Each of the defendants has filed the same objections to 24 of the interrogatories, and the objections may be assigned to three general groups:

1. Irrelevance is assigned as objection to all 24 of said interrogatories.

2. Objection is made to 18 interrogatories on the ground of the unreasonable burden of research placed upon the de-

fendants in the compilation of statistics, data and information.

3. Objection is made to three of the interrogatories in that they call for conclusions and opinions rather than relevant facts.

Before considering these general questions as connected with the present interrogatories, a brief word about Hickman v. Taylor [1] may not be amiss since that case is discussed by both parties. The cited case did have a very distinct bearing upon the general subject of interrogatories. While that case dealt primarily with matters involving an attorney-client relationship, yet expressly or implicitly, it laid down standards applicable in general to discovery process, including interrogatories. It did hold that "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation" and "either party may compel the other to disgorge whatever facts he has in his possession." While Hickman v. Taylor solved many problems concerning interrogatories, there is no indication that it solved the problems here present. It did not attempt to make irrelevant and immaterial matters proper subjects of interrogatories. It expressly recognized that discovery has ultimate and necessary boundaries and that these boundaries are reached when they result in oppression of the opposite party. There is no indicaton that Hickman v. Taylor intended in any way to change the pre-existing rule of law that it is the ascertainment of facts that is the object of discovery proceedings as contrasted with opinions, conclusions or contentions.

1. As stated, the defendants have objected to 24 of the interrogatories on the ground of their claimed irrelevance. The plaintiff insists upon such relevance. All of the interrogatories may be considered together because the objection lies to all and grows out of the concept of the subject matter as covered by the complaint. The defendants contend that the basic controversy was simply as to whether or not the defendants had conspired to deny to the plaintiff's theatre, the Broadway Theatre in Denver, motion picture films on a "move-over run" from the Orpheum Theatre in Denver upon the same terms as those enjoyed by the plaintiff's predecessor as lessee of the Broadway Theatre. The plaintiff denies that the issue is so narrow and asserts that the issue is whether or not the defendants and others have conspired to monopolize the exhibition of all desirable motion pictures in the United States by the elimination of independent exhibitors. As a part of this alleged nation-wide conspiracy and of the alleged violation of the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note, and Clayton Act, 15 U.S.C.A. § 12 et seq., and as evidence of such actions, the plaintiff alleges the particular action against the plaintiff and its theatre in the City of Denver.

From a careful reading of the complaint and a consideration of questions therein raised, I think the interrogatories are not subject to the general charge of irrelevancy and, if otherwise unobjectionable, should be answered.

Five of the interrogatories, however (Nos. 19, 20, 22, 23 and 43), are subject to an additional alleged taint of irrelevancy in that they seek information after the filing of the complaint as well as before that time. It is generally held that relevancy to the issue requires that the interrogatories be confined to a period ending with the commencement of the suit. To this effect is McInerney v. Wm. P. McDonald Construction Co., D.C., 28 F.Supp. 557; Massachusetts Bonding & Ins. Co. v. Harrisburg Trust Co., D.C., 2 F.R.D. 197.

The plaintiff contends that since damages, if authorized, may be collected to the date of judgment, so under familiar principles incorporated in the Federal Rules, 28 U.S.C.A. following section 723c, disclosure may be compelled for the period subsequent to the filing of the complaint.

The cause of action or the right to recover must be determined as of the time of the institution of the suit. If this right to recover be eventually sustained then evidence of matters happening subsequent to the institution of the suit may, perhaps, become material as to the question of

---

[1] 329 U.S. 495, 67 S.Ct. 385.

extent of damages or other relief, but until that time comes and the right to recover or to relief be established, information to be required on interrogatories will be confined to the period prior to the institution of the suit. For this may be cited Ball v. Paramount Pictures, D.C., 4 F.R.D. 194, which differs from this case in the extent of the claimed conspiracy, it being limited in that case to the particular theatre involved.

■ 2. Eighteen of the interrogatories (Nos. 8, 9, 10, 12, 13, 14, 15, 17, 18, 19, 20, 22, 23, 30, 32, 33, 34 & 35) are objected to on the general ground that they impose an undue burden upon the defendants, compelling them to analyse and to tabulate for the plaintiff a large mass of data and statistics. To this objection some consideration must be given. I adhere to the general rule that an interrogated party need only answer matters of fact within his knowledge and is not required to make research and compilation of data not readily known to him.[2]

■ The generality of the rule makes difficult its specific application. The necessity of answering interrogatories where it is necessary to make research and compile data may, preliminarily, be divided into two classes: (a) where the sources of information and data are not in the possession or control of the interrogated party, and (b) where the interrogated party does possess or control such sources. This distinction may be shown by an example. Most of the interrogatories here involved are based upon Interrogatory No. 7 to which no objection was made and which is as follows: "List the name of all theatres within the Denver area to which you have distributed film product since Sept. 1, 1944."

Interrogatory No. 24 is as follows: "List every instance of overbuying in regard to all such theatres to which you have li-censed films during the above mentioned period, i. e., any and all instances in which a theatre has bought more product than its current needs would require or justify."

(a) Now, clearly, the answer to this interrogatory No. 24, if confined to the defendants themselves, must call for the expression of an opinion or a conclusion as to what the current needs of many independent theatres would require or justify. If not calling for this conclusion or opinion of the defendants, then the interrogatory must contemplate the acquisition of knowledge by the defendants from many independent sources. In either event, the answer cannot be required from these defendants.

■■ (b) Where the books, records or documents containing the information desired are in the possession or control of the interrogated party but the answer would require an excessive or oppressive amount of research or compilation of data and at great expense, then different considerations have application, calling into play the general purposes of the rule and a consideration of the labor and expense cast upon the interrogated party for the purposes of the inquirer. Clearly an interrogated party must furnish relevant information in his possession which can be obtained without great labor or expense.

■ Interrogatories under Rule 33, however, cannot be construed so as to displace entirely the right or necessity of a party to obtain information and compile data at his own expense by discovery process through the inspection of books or documents under Rule 34.

■ If the matter inquired of be only found in records or documents and is only available at very considerable effort or expense and the books or documents be equally available to both parties, no reason would seem to exist to cast the burden of

[2] Walling v. Parry, D.C.Pa., 1947, 6 F.R.D. 554, 556; United States v. American Loco. Co., D.C., 6 F.R.D. 35; Porter v. Montaldo's, D.C.Ohio, 1946, 71 F. Supp. 372, 373, 375; Porter v. Central Chevrolet, D.C., 7 F.R.D. 86; Nelson v. Reid, D.C.Fla., 1944, 4 F.R.D. 199, 200; Byers Theatres v. Murphy, D.C.

Va.1940, 1 F.R.D. 286, 289; Hercules Powder Co. v. Rohm & Haas Co., D.C.Del., 1944, 3 F.R.D. 328, 330; Hartford Empire Co. v. Glenshaw Glass Co., D.C., 4 F.R.D. 210; Chemical Foundation, Inc., v. Universal-Cyclops Corp., D.C.Pa., 1941, 1 F.R.D. 533, 536.

effort or expense upon the interrogated party. In Ball v. Paramount Pictures, D.C., 4 F.R.D. 194, 196, it was averred that the answer to the interrogatories would entail the labor of eight men at eight hours a day for two years and would cost $100,000. The greatness of cost is not the sole criterion, for a smaller amount might be equally financially disastrous to an interrogated party of moderate means. Auditing, accounting, examination of books and compilation of data may be expensive and time-consuming operations and, where the books or documents are equally available to both parties, it is neither reasonable nor proper to expect a defendant to perform such services to an undue extent at his own expense for the sole benefit of an opposing party and to his own possible consequent disadvantage. See Porter v. Montaldo's, D.C., 71 F.Supp. 372.

Instances exist, however, where an examination of books by an adverse party may not furnish the required information and the answer can only be given by examination of the books as supplemented by unrecorded knowledge. I would not be understood as saying that an interrogatory of a plaintiff need not be answered merely because the answer is only to be found in the records or documents of the defendant. If the answer involves no greatly excessive expenditure of time, effort or financial resources, then the answer, even though solely obtainable from documents or records, must be given. If the answer requires an examination of books or records involving a very substantial or excessive expenditure of time, effort or financial outlay, then the interrogatory may not be required to be answered, and this is especially true when the information can be obtained by the plaintiff at his own expense. Upon the court, even with its imperfect knowledge of the facts or system of books, may fall the burden of determining whether the outlay of time, effort or expense would be excessive or otherwise. It may be that the sustaining of an objection to an interrogatory may give rise, where the information is not otherwise available, to a subsequent interrogatory with consent of the court, as the rules provide.

It would seem that answers to a number of the present interrogatories may be furnished at no excessive outlay of effort or expense. Without objection the defendants have furnished or will furnish, in answer to Interrogatory No. 7, the names of all theatres in the Denver area to which the defendants distributed film products. Certain additional information as to these theatres, if in possession of the defendants, should be given. If the defendants do not possess such information they can so state. This applies to Nos. 8, 9, 10, 12, 13, 14, 17, 19, 20, 23, and 32.

Interrogatory 15 requires special consideration. It reads:

"Specify and set forth any increase or decrease of film rentals for each theatre on the above list during the period from September 1, 1944 to June 11, 1946 as to

"(a) percentage pictures

"(b) flat rentals."

It is impossible to determine the burden to be placed upon the defendants by the answer. If the above interrogatory inquires as to the increase or decrease of a film rental to a given theatre in contrast to that charged to the same theatre for a different film, then the burden may be greatly excessive. Unless there is some normal or uniform price at which all films are rented, and this is not suggested, then there could be no figure upon which an increase or decrease could be based as to other pictures and the inquiry would involve compilation of data as to every picture furnished to every theatre in the area. If the interrogatory is as to the increase or decrease of film rental charged to the different theatres in the area for the same film or the different prices charged to the different theatres for the same film, the burden would not be so extensive. Being unable to determine the meaning of the interrogatory, the objection must be sustained.

Objections to interrogatories 18, 22, 30 and 33 are sustained on the ground that they impose an undue burden of labor and expense. No. 18, as an example, is as follows: "List the number of pictures rented to each of the above theatres by you

and list the name of each picture with the play date, license terms, adjustments subsequently made, the run for which licensed, the date on which the license agreement was signed; if there is no play date, i. e., if the picture was not shown or returned to you or is still awaiting a showing, please state so."

In the papers before me it appears there are some fifty theatres within the area to each of which, in each calendar year, there has been furnished up to sixty feature films and numerous short films. It would appear that the listing of the details of each picture, feature or short, furnished to fifty theatres over a number of years must impose an undue burden upon the defendants and no reason appears why the plaintiff cannot compile the same voluminous data at its own expense.

▇ 3. Three of the interrogatories (Nos. 21, 24 & 27) are objected to as calling for conclusions or opinions and not relevant facts. Two of these interrogatories have not been heretofore discussed and are as follows: No. 21. "Specify all booking difficulties in your relationship with each of the above named theatres, during the above mentioned period, i. e., where the pictures were requested but not available, and where available pictures could not be booked."

▇ The explanatory language at the conclusion of the interrogatory seems sufficiently to explain the meaning of "booking difficulties" and to obviate the necessity of any conclusion by the defendants. No. 27. "List any and all instances to your knowledge of the theatres mentioned above exhibiting pictures at lowered prices or prices which could not possibly be profitable, during the above mentioned period."

The interrogatory does not, in terms, seek an opinion. It asks for facts within knowledge. If the defendants have knowledge they should answer. If they have no knowledge they need only so state. They need give no opinion or expression of judgment.

Interrogatory No. 24 has heretofore been considered and the objection thereto sustained.

Summarizing, therefore, I would say:

1. The objections to all the interrogatories on the ground of their general irrelevancy, as herein discussed, are overruled. Partial objection to interrogatories 19, 20, 22, 23 and 43, in so far as they relate to the period subsequent to the institution of this suit, is sustained and as to that period no answer is now required.

2. Objections to interrogatories 5, 8, 9, 10, 12, 13, 14, 17, 19, 20, 21, 23, 27, 29, 32, 34 and 43 are overruled except as to the extent herein mentioned as to some of such interrogatories.

3. Objections to interrogatories 15, 18, 22, 24, 30, 33 and 35 are sustained.

The defendants have moved the court for an extension varying from thirty days to six months in order to obtain the information to make such answers as they may be required to make. In view of the time that has already elapsed during which the defendants knew that many of the interrogatories would be answered, it would appear that all answers to the plaintiff's interrogatories should be made on or before the expiration of four months from the date of an appropriate order.

The plaintiff has moved for an extension of time to make answer to the interrogatories propounded by the defendants to the plaintiff. This extension is asked for 30 days after the defendants have answered the plaintiff's interrogatories. The defendants have objected to this delay and urge that these answers of the plaintiff are in no way dependent upon the answers of the defendants. The plaintiff has conceded that it can now make answer to the interrogatories propounded to it but contends that such answers will be more complete and adequate if such extension be given. The defendants appear satisfied with the quality of answers that can now be given. The plaintiff should make answer to the defendants' interrogatories on or before the expiration of two months from the date of the appropriate order.

While not now necessarily adopting the view, yet attention may be drawn to R. C. A. Mfg. Co. v. Decca Records, D.C., 1 F. R.D. 433, 435, where it was objected that the interrogatories sought to limit the

proof of the defendants. In disposing of the objection the court held that the defendants were required to furnish such information as they had at the time of answer; that if the defendants between the time of answer and trial obtained more information pertinent to the interrogatory they would not be prevented from offering the information at the trial but "should, under this interrogatory, furnish it to the plaintiff when it is obtained."