**KAINZ et al.**

v.

**ANHEUSER–BUSCH, Inc. et al.**

**No. 51 C 438.**

United States District Court
N. D. Illinois.
Feb. 17, 1954.

Hirsch E. Soble, Leo E. Aronson, J. Henry Aronson, Chicago, Ill., for plaintiffs and intervenor claimants.

Charles M. Price, Charles B. Mahin, Robert C. Kack, MacLeish, Spray, Price & Underwood, Chicago, Ill., for defendant Anheuser-Busch, Inc.

Victor E. LaRue, Chicago, Ill., for defendants Home Delivery, Inc., Ralph S. Meech, Jr., and August R. Roselle.

HOFFMAN, District Judge.

This is a suit for the recovery of treble damages for unlawful price and services discrimination under the Robinson-Patman Act, 38 Stat. 730, 731, 737; 49 Stat. 1526, 1528; 15 U.S.C.A. §§ 12, 13, 13a, 15, 26, in which the plaintiffs have filed objections to written interrogatories propounded by the defendant Anheuser-Busch, Incorporated, under Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A. The three original plaintiffs commenced the action as a spurious class suit within the provisions of Rule 23(a)(3), Federal Rules of Civil Procedure. The propriety of using this joinder device has been determined upon appeal. Kainz v. Anheuser-Busch, Inc., 7 Cir., 1952, 194 F.2d 737. Upon remand, and pursuant to Rules 23 and 24, Federal Rules of Civil Procedure, seventy-one additional claimants intervened as parties plaintiff. The original complaint, adopted by the intervening claimants, alleges that the complainants are or were the owners of retail liquor stores in Chicago and vicinity, and are or were engaged in direct and open competition with the defendants Home Delivery, Incorporated, Ralph S. Meech, Jr., and August R. Roselle, hereafter referred to collectively as Home Delivery, in the business of the retail selling of Budweiser beer produced by the defendant Anheuser-Busch, Incorporated.

The complaint further alleges that the defendant Anheuser-Busch discriminated against the complainants by selling Budweiser beer to the defendant Home Delivery at a price lower than that charged the complainants, and by referring customers, who telephoned or contacted the Chicago distributing office of Anheuser-Busch to inquire about the purchase of Budweiser beer, to the defendant Home Delivery. These alleged discriminations in price and services are claimed to have permitted Home Delivery to undersell the claimants, and to have lessened, or tended to lessen, competition between the complainants and the defendant Home Delivery. A claim against the defendant Home Delivery is stated by the allegation that Home Delivery knowingly received the price discriminations. The total damages claimed by the complainants for increased business costs and impairment of their competitive positions resulting from the alleged discriminations, including the amounts claimed in supplemental complaints, exceed $1,000,000. In addition, the complaint prays for an injunction against future violations of the Robinson-Patman Act.

The defendant Anheuser-Busch has filed an answer denying a number of the material allegations of the complaint, and alleging by way of affirmative defense that the defendant Home Delivery was engaged in the wholesale liquor importing and distributing business, and that as a consequence any price differentials were not discriminatory, but were justified by the difference in costs of sales, attributable to the difference in services afforded and quantities purchased, to the complainants as retailers and to the defendant Home Delivery as an importing distributor; that Illinois law prohibits direct sales from the Anheuser-Busch brewery in St. Louis, Missouri, to retail dealers in Illinois, but permits such sales to licensed importing distributors, with the result that any competitive disadvantage suffered by the complainants was caused not by un-

lawful price discrimination by Anheuser-Busch but by the provisions of Illinois law; and that the prices charged Home Delivery were made in good faith to meet the equally low prices of a competitor.

On June 17, 1953, Anheuser-Busch served upon each of the complainants, under the provisions of Rule 33, Federal Rules of Civil Procedure, a series of forty-one interrogatories. Briefly summarized, the interrogatories seek discovery as to the following matters. Interrogatories numbered 1 and 2 request information regarding the ownership and physical characteristics of the complainant's business. Interrogatories 3, 4, 8, 11, 25, 26, and 41 seek to discover the kinds and volumes of merchandise, including nationally advertised beers, sold in the complainant's store, the types of sales of Budweiser beer made by him, and the incidental services afforded to customers. Interrogatories 36 and 37 deal with the liquor licenses held, or applied for, by the complainant. Numbers 38, 39 and 40 are questions concerning the methods, media, times, and content of the complainant's advertising. Questions 14, 17, 19, 20, 21 and 29 relate to the prices at which Budweiser beer was sold by the complainant, and the methods by which those prices were fixed. Interrogatory numbered 22 requests the total profit or loss made or suffered by the complainant in the sale of Budweiser beer in each of the relevant years. Questions 32, 33, 34 and 35 relate directly to the complainant's claim of discrimination in price and services, and request a statement of the times during which Home Delivery undersold the complainant and of the prices then charged by the complainant, of whether the complainant lowered his prices to meet the competition, of the persons to whom sales were lost to Home Delivery, with times and amounts involved, and of the customers who were referred to Home Delivery by Anheuser-Busch upon inquiring of the latter where Budweiser beer might be obtained. Interrogatories 30 and 31 ask what stores in the neighborhood of complainant's store sell Budweiser beer, and what prices were charged by those stores during the relevant period, and seek a listing of all stores within one-half mile of the complainant's store which sell Budweiser beer. Interrogatories 5, 6, 7, 9, 10, 12, 13, 15, 16, 18, 23, 24, 27, 28, and 40 relate to the existence of books, records and documents containing the information requested by other interrogatories, to the names of such books and records, and to the names and addresses of the persons having custody of them. Since the defendant Anheuser-Busch has taken the position in its answer that the two-year statute of limitations applies to bar the recovery of damages suffered more than two years before the filing of the original complaint, the interrogatories all relate to a four-year period beginning two years before the original complaint was filed, that is, beginning March 15, 1949, and ending with the filing of the supplemental complaint on March 19, 1953; interrogatories numbered 4, 8, 11 and 22 request information covering, in addition to this four-year period, calendar year 1948 and the first quarter of 1949.

The complainants have objected to all of the interrogatories upon the ground that their excessive number makes them vexatious and oppressive. In support of this claim, it is said that each complainant would be obliged to devote approximately a week to the preparation of answers to the interrogatories.

It must be conceded that the complainants will be burdened by being compelled to respond to these interrogatories. But the fact that interrogatories may be burdensome is alone not enough to excuse a party from answering. Use of the liberal discovery techniques provided by the Federal Rules may often prove time consuming and expensive. The Rules reflect a clear judgment that the burdens of such discovery are the justified cost of eliminating the wastes

of preparation for the trial of uncontested issues and of avoiding the injustices of surprise. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. The deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise." Hickman v. Taylor, 1946, 329 U.S. 495 at page 507, 67 S.Ct. 385, 392, 91 L.Ed. 451. While caution must be exercised to assure that discovery techniques are not made instruments of oppression, care must also be taken lest these purposes of the Rules be subverted through the delay of captious objection or through narrowly limited interpretation.

■ The fact that the interrogatories number forty-one is no basis for objection. Federal Rule 33, as amended in 1948, provides in part:

"The number of interrogatories or of sets of interrogatories to be served is not limited except as justice requires to protect the party from annoyance, expense, embarrassment, or oppression."

■■ The limits imposed by the requirements of justice are not to be found in the application of some fixed formula, but must be determined by the circumstances of the case. As the degree of complexity of factual issues presented by a case increases, the permissible number of interrogatories to be submitted becomes greater. The Advisory Committee Note to the 1948 amendment of Rule 33 states in part:

"* * * it is provided that the number of or number of sets of interrogatories to be served may not be limited arbitrarily or as a general policy to any particular number, but that a limit may be fixed only as justice requires to avoid annoyance, expense, embarrassment or oppression in individual cases. The party interrogated, therefore, must show the necessity for limitation on that basis. (4 Moore, Federal Practice, 2256-57 (2d ed. 1950) )."

■ The present case is not a simple one. Vast numbers of transactions and business factors will enter into the resolution of such intricate economic questions as the existence of competition between Home Delivery and the complainants, whether any price differences which may be shown were justified by cost differentials, whether any unjustified discrimination in price or service resulted in a lessening of, or tended to lessen, competition, and whether, and to what extent, the complainants were injured by any such discrimination. Under these circumstances, it does not appear that the submission of the forty-one interrogatories exceeds the bounds of the requirements of justice.

■ A second general objection has been interposed by the complainants to the interrogatories upon the ground that they are repetitious of matters previously examined into upon oral deposition. It appears, however, that the defendant Anheuser-Busch has taken the oral depositions only of the three original plaintiffs. This cannot of course preclude propounding written interrogatories to the seventy-one intervening claimants. Nor does the intervenors' claim of willingness to submit to oral deposition oblige the defendant to pursue that discovery method. A party is free to make reasonable use of the various discovery devices provided by Rules 26 through 37 as he sees fit. V. O. Machinoimport v. Clark Equipment Co., D.C.S. D.N.Y.1951, 11 F.R.D. 55, 60.

The three original plaintiffs, whose oral depositions have been taken, object that the written interrogatories propounded are, with the exception of five of the interrogatories, substantially the same questions asked and answered in the taking of those depositions. At least since the amendment of Rule 33, Federal

Rules of Civil Procedure, which took effect in 1948, the mere fact that depositions have been taken does not foreclose the use of written interrogatories. That Rule now provides in part:

"Interrogatories may be served after a deposition has been taken, and a deposition may be sought after interrogatories have been answered, but the court, on motion of the deponent or the party interrogated, may make such protective order as justice may require."

Certainly the use of written interrogatories to compel the repetition of matters already adequately disclosed by oral deposition is not to be encouraged. Here, however, it appears that a supplemental complaint, alleging continuations of the defendants' wrongdoing for a period of approximately two years after the filing of the original complaint, has been filed since the taking of the oral depositions. The interrogatories served cover this additional period, and to that extent they are not repetitious. Moreover, the defendant insists that the depositions failed to reveal the information sought, largely because the plaintiffs failed to consult or to produce their books and records and attempted to answer from memory the questions asked. An objector to interrogatories bears the burden of establishing that they are annoying, vexatious, or oppressive beyond the limits of justice. Without a showing that complete answers to the interrogatories are contained in the depositions, this burden is not discharged. See Kensington Village, Inc. v. Mengel Co., D.C.S.D.N.Y.1953, 14 F.R.D. 187.

Complainants also object to twenty-nine of the interrogatories—all but Numbers 1, 14 through 18, and 32 through 37—upon the ground that they are irrelevant. This objection, too, must be denied. Under Rule 33, Federal Rules of Civil Procedure, the matters which may be inquired into by interrogatories to parties are determined by adoption of the definition of the scope of oral depositions contained in Rule 26 (b). That Rule in turn provides that examination may be made into "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

The plaintiffs seem to suppose that only those facts essential to a bare recovery can be regarded as relevant for this purpose. The limits are not so narrow. All matters which tend to support or to negate the controverted allegations of the pleadings, or which are reasonably calculated to reveal such matters, must be regarded as relevant. A brief examination of the interrogatories here involved is sufficient to show their relevance, if not to the actual issues of the case, at least to the subject matter involved in the pending action. Those relating to the physical characteristics of the complainants' places of business, the varieties and volumes of merchandise sold by them, and the volumes and types of sales of Budweiser beer (numbers 2, 3, 4, 11, 25, 26 and 41) are relevant at least to the issue whether, as plaintiffs allege, the defendant Home Delivery was engaged "in direct and open competition with the complainants" in the sale of Budweiser beer to the purchasing public in Chicago and its suburbs. Questions as to the means, media, frequency, and content of the complainants' advertising (numbers 39 and 40 are also relevant on the issue of whether the complainants were competing with the defendant Home De-

livery, and might in addition lead to the discovery of evidence as to the prices at which complainants sold Budweiser beer. The contested interrogatories directed to the methods by which that price was determined (numbers 19, 20, 21 and 29) may also lead to evidence as to the prices charged by the complainants for Budweiser beer, a fact relevant to the issue of the damages suffered by complainants as well as to the issue of whether the defendant Home Delivery undersold them as alleged. The interrogatories inquiring into the prices and volume of sales of other nationally advertised beers (numbers 8, 19, 20, 21, and 29) would tend to reveal whether losses suffered in the sales of Budweiser beer were caused by the complainants' use of Budweiser as a "loss leader" to attract business. The interrogatory aimed at discovering the complainants' profit or loss on the sale of Budweiser (number 22) is also material on the question of damages, and on the question of whether the alleged price discriminations resulted in a lessening of competition. Interrogatories concerning the prices at which Budweiser was sold by neighborhood competitors within one-half mile of the complainants' stores (numbers 30 and 31) might lead to the discovery of evidence tending to show that any damage suffered by the complainants through the loss of sales of Budweiser was caused not by alleged price favoritism of Anheuser-Busch toward Home Delivery, but by the competition of neighborhood stores. The existence, description, nature, custody, and location of books and records containing such relevant facts, to which the remaining interrogatories objected to relate, are matters which are made the legitimate subject of inquiry by interrogatory under the express terms of Rule 26(b), set out above.

 The group of interrogatories by which Anheuser-Busch seeks information on the charge of the complaint that the defendant Home Delivery un-

dersold the complainants is not objected to on the grounds of irrelevancy. In their reply brief, however, the original plaintiffs indicate an intention to move, in apt time, for leave to amend their complaint by omitting the allegation that price discrimination enabled Home Delivery to undersell them. If these plaintiffs disclaim that basis for the recovery of damages and for proof that competition was lessened, no reason appears why they should be compelled to answer the interrogatories which relate solely to that issue. To protect the defendants from any possible prejudice which might result from an inadvertent application of the provisions of either Rule 15(b) or Rule 54(c), however, the disclaimer should be made by stipulation rather than by amendment of the complaint. Accordingly, an order will be entered sustaining the objections to interrogatories numbered 32, 33 and 34 upon the condition that the three original plaintiffs file with the Clerk of this Court within ten days from the entry of this order a stipulation and agreed order under Rule 16, Federal Rules of Civil Procedure, waiving all rights to recover damages resulting from any underselling by Home Delivery which might appear at the trial, and establishing for all purposes of the case that Home Delivery was not enabled by price favoritism to undersell the plaintiffs. Of course, such a waiver will not affect the rights of the seventy-one intervening claimants, nor excuse them from answering these interrogatories. If, however, they choose to join in the stipulation and order within the time limited, they also will be excused from responding to the three specified interrogatories.

The complainants have filed their objections to five specified interrogatories upon the ground that to compel them to perform the extensive auditing operations required by these questions would impose an unreasonable hardship. These interrogatories direct the complainants to:

"3. State for each * * * store each of the different types and kinds of merchandise handled during the period from March 15, 1949, to March 19, 1953, and the number of different brands of beer, whiskies, gins, other spirits, soft drinks, and other merchandise normally carried in stock.

"4. State for each such store the volume, both in dollars and quantities, of the following merchandise sold during the calendar years 1948, 1949, 1950, 1951, 1952 and the first quarter of 1953; beer, whiskies, gins, other spirits, soft drinks, and all other merchandise."

"8. State for each such store the quantity in cases of the following brands of beer sold by you during the calendar years 1948, 1949, 1950, 1951, 1952 and the first quarter of 1953: Budweiser beer, Blatz beer, Schlitz beer, Pabst beer, Miller beer, and all other nationally advertised brand beers."

"11. State for each such store for the calendar years 1948, 1949, 1950, 1951, 1952 and the first quarter of 1953 the various types of sales made by you of Budweiser beer and the volume, both in dollars and quantities, involved in each such type of sale ('type of sale' means sales for consumption at the store, counter sales in less than full cases; counter sales in full cases; sales in full cases delivered by you to the customers' homes or locations; sales in less than full cases delivered by you to the customers' homes or locations; and any other type of sale)."

"23. Give a statement of your profit or loss on the sale of Budweiser beer for the calendar years 1948, 1949, 1950, 1951, 1952 and the first quarter of 1953, specifying each item of income and expense."

■ It seems plain that the compilation of this information is likely to prove burdensome and expensive. The complainants, however, have failed to show whether or not the information is readily available to them, and in the absence of a showing on that question, and in view of the amounts involved in the litigation and the relevance of the information to the issues, I am unable to say that the burden is unconscionable. If the matters sought to be discovered lie wholly within the personal knowledge of the complainants and their employees, so that if the facts are to be known they must be revealed by the complainants, the complainants must bear the burden of disclosing them.

■ It is probable, of course, that at least some of the information sought by these interrogatories is contained in books of account, financial statements, reports, and other documents within the custody and control of the complainants. If it be assumed that these books and records do exist, that they contain all the information sought in so far as it is available at all, and that the information can be obtained from them with reasonable dispatch by a stranger to the records, with no familiarity with the system of entries used and no personal knowledge to serve as a background for interpreting them, then the question arises whether the defendant should not itself compile the desired information from an inspection of the books and records under the provisions of Rule 34, Federal Rules of Civil Procedure. The question, if reached, is not free from doubt. On one hand, it seems plain that interrogatories should not be used as a device for compelling the interrogated party to prepare the interrogator's case for him. As expressed by Judge Holtzoff, "A litigant may not compel his adversary to go to work for him." Aktiebolaget Vargos v. Clark, D.C.1949, 8 F.R.D. 635, 636. Illustrations of the application of this principle are found in Cinema Amusements, Inc. v. Loew's, Inc., D.C.Del.1947, 7 F.R.D. 318 and in Porter v. Central Chevrolet, Inc., D.C.

N.D.Ohio 1946, 7 F.R.D. 86. In both cases the plaintiffs served interrogatories which, if allowed, would have compelled defendants to make detailed and expensive compilations and examinations of their records; in both cases it was assumed as a condition to sustaining the objections to the interrogatories that the information could be obtained from the defendants' records without any personal knowledge of the business; in both cases the information sought pertained primarily to the case which the interrogator would be obliged to establish; and in both cases the objections to the interrogatories were sustained at least in part. To the same effect is Klein v. Leader Electric Corp., D.C.N.D.Ill.1948, 81 F.Supp. 624. Even in such a situation, however, some courts have reached a different conclusion, observing that although the information sought related primarily to matters which the interrogating party would be obliged to establish, the interrogated party would nevertheless have to investigate its records and gather most of the information in the course of careful preparation for trial. Adelman v. Nordberg Mfg. Co., D.C.E.D.Wis.1947, 6 F.R.D. 383.

■ On the other hand, when the interrogatories seek particulars of matters alleged generally in the interrogated party's pleading, or otherwise deal with matters pertaining primarily, to the interrogated party's case, objections based on the hardship, burden, or expense of the compilation of answers from the interrogated party's records have usually been overruled upon the ground that the interrogated party would be obliged to make the investigation before trial in any event, and the only burden imposed by the interrogatories is to advance the compilation to an earlier stage of the proceedings. See Bowles v. McMinnville Mfg. Co., D.C.E.D.Tenn.1946, 7 F.R.D. 64; RCA Mfg. Co. v. Decca Records, Inc., D.C.S.D.N.Y.1940, 1 F.R.D. 433.

■ Applying these principles to the present case, it appears that the objections must be overruled. All of the matters involved in the stated interrogatories relate in varying degrees to the allegations contained in the complaint to the effect that the complainants were engaged in direct and open competition with the defendant Home Delivery in the sale of Budweiser beer, that the alleged price and service discriminations in favor of Home Delivery lessened competition between the complainants and Home Delivery, and that the complainants suffered damages through increased business costs and impairment of their competitive positions as a result of the discriminations. The complainants, having raised the issues, are the appropriate parties to bear the burden of bringing to light the facts which relate to them.

■ The complainants have objected to interrogatory numbered 31 on the same ground, that is, that compilation of the information requested would constitute an undue burden. That interrogatory reads:

"31. State the names and locations of all stores, whether or not retail liquor stores, which at any time from March 15, 1949 to March 19, 1953, handled and sold Budweiser beer that are located within one-half mile from your store or stores."

It does not appear that the information thus sought is contained within the books and records of the complainants, or that the complainants have personal knowledge of these facts. Although the complainants may be presumed to have a general familiarity with the identity of their competitors in the vicinity of their stores, the defendant Anheuser-Busch may also be presumed to have within its records a basis for ascertaining to whom it sold its beer. It appears, therefore, that the information sought by this interrogatory is equally available to either party. The information sought does not directly support any allegations of the complaint, but is, on the contrary, a matter in which the defend-

ant Anheuser-Busch is primarily interested, since it might lead to the discovery of evidence showing the cause of complainants' damages to be neighborhood competition and not unlawful price discrimination. In such a situation, where information must be obtained from third parties, the burden of investigation must be borne by the party who seeks the information and to whose case it primarily relates. Cities Service Oil Co. v. Standard Towing Corp., D.C.S.D. N.Y.1948, 8 F.R.D. 421; United States v. Columbia Steel Co., D.C.Del.1947, 7 F.R.D. 183; Nelson v. Reid, D.C.S.D. Fla.1944, 4 F.R.D. 199. Accordingly, the complainants' objection to interrogatory numbered 31 is sustained in so far as it would compel them to conduct an investigation; in so far as the complainants can answer the interrogatory from personal knowledge without investigation, they must do so.

 Objection is made to interrogatory numbered 32, which requests the complainants to state the times during which the defendant Home Delivery sold Budweiser beer at a price lower than that charged by the complainants, and the prices then charged by the plaintiffs. What has been said previously regarding the complainants' possible disclaimer of the charge of underselling may of course render this objection moot. If, however, the complainants choose not to waive that issue, the fact that interrogatories submitted by the complainants to the defendant Home Delivery relating to this issue have been answered by Home Delivery does not excuse the complainants from disclosing their positions on the question. The defendant is entitled to know what the complainants contend the facts to be. See United States v. American Locomotive Co., D.C.N.D.Ind.1946, 6 F.R.D. 35. Nor does the fact that questions relating to those facts were asked in the depositions of the three original plaintiffs constitute a valid ground for objection in the absence of a showing that the questions were adequately answered. Kensington Village, Inc. v. Mengel Co., supra.

 Finally, the complainants have objected to the first interrogatory, which requests the complainants to state whether the liquor businesses in which they were engaged were conducted as sole proprietorships, partnerships, or corporations, and requesting the names of the owners, partners, or officers and directors, on the ground that the defendant Anheuser-Busch has admitted the allegations of the complaint in this regard. The objection is of no avail to the seventy-one intervenor-claimants, however, since as to them the answer states that "because of the uncertain description of the claimants" the defendant Anheuser-Busch is "unable to determine whether or not it sold beer to them." As to the three original plaintiffs, the admissions of the answer are to be considered as removing the plaintiffs' form of business organization and personnel from the issues of the case, but it does not follow that interrogatories addressed to those matters must be disallowed. The information sought may lead to the discovery of evidence admissible upon the remaining issues, for example, by facilitating the identification of those transactions in which the plaintiffs were involved. Under the provisions of Rules 26(b) and 33, such an interrogatory is proper.

With the exceptions specified in this memorandum, the objections to the interrogatories are overruled. Counsel for the defendants will please submit an order in keeping with the views herein expressed.