**DUBOIS BREWING COMPANY,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

Civ. A. No. 63626.

United States District Court
W. D. Pennsylvania.

Dec. 31, 1963.

John K. Barry, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for plaintiff.

Gustave Diamond, U. S. Atty., Pittsburgh, Pa., for defendant.

ROSENBERG, District Judge.

This action, as averred in the complaint, was brought in this court for the recovery of income taxes illegally and erroneously collected from the plaintiff with respect to the taxable years 1958 and 1959 by virtue of the authority contained in 28 U.S.C.A. § 1346(a) (1).[1]

---

1. 28 U.S.C.A. § 1346(a) (1).
   "(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:
   "(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws; * * *."

The defendant filed interrogatories to the plaintiff, and the plaintiff objected to Interrogatories Nos. 7 and 9. At the argument of this case, the plaintiff withdrew its objection to Interrogatory No. 7 and it will not be discussed.

Interrogatory No. 9 requires the plaintiff to set forth a description of each and every document upon which the plaintiff intends to rely as evidence in support of the allegations contained in a certain number of the paragraphs of the complaint.

The plaintiff argues that this interrogatory is improper because it, in effect, requires that the plaintiff submit the case which it expects to produce at the time of trial. It states in its filed objections under 2(b):

> "While the answer to this exhaustive Interrogatory would be relevant to the case, it would result in extreme hardship to plaintiff and would be manifestly unfair, extending the scope of the Interrogatory procedure beyond its purpose, i. e., to discover the essential facts of the case."

In its brief it also argues, at page 5, that the plaintiff would "be working at great peril and under extreme pressure to evaluate immediately and produce documentary evidence as regards modernization of its buildings, plant and equipment". It contends, also at page 5 of the brief, that it "is not in any position now to provide the documentary evidence which it intends to submit at the time of trial".

It further argues, at page 6 of its brief, that the plaintiff is not required to produce this material under F.R.Civ.P. 33, but rather that it should have been brought under F.R.Civ.P. 34, after a showing of good cause is made.

■ Our Federal Rules were adopted and are intended to liberalize our actions and to remove the manacles of technicalities which had previously obstructed procedure in courts of justice. They are intended to bring out the truth. They are intended to provide facts for the parties in a case in order that they may not of necessity be forced into prolonged and protracted trials where oftentimes irrelevancies have taken up the time of the judges, lawyers and juries at great expense to the public. 1 Barron & Holtzoff (Wright Ed.) § 137.

■ Inasmuch as the plaintiff, itself, has admitted that the answer to Interrogatory No. 9 would be relevant to the case, we may, therefore, consider that sufficient cause is shown by the pleading. For the purpose of effectuating economy in both time and effort, we may also consider this motion under F.R.Civ.P. 33 as a request for production of certain documents as if brought under Rule 34.

■■ While the plaintiff asserts extreme hardship and an extension of the scope of investigatory procedure beyond its purpose, neither of these has been shown to exist. The plaintiff in its objections and in its brief complains, also, that it would be unfair and require it to divulge the evidence upon which it proposes to stand or move. It here disregards the fact that it brought the action and that it presumably knows upon what it stands. If it does not know until this late date perhaps it has no action; and if it has no action, it is as well that it be ascertained now. The fact that it must divulge records upon which it intends to base its evidence, is not a matter of unfairness or advantage. The scope of interrogatory procedure is to embrace "[a]ll matters which tend to support or to negate the controverted allegations of the pleadings, or which are reasonably calculated to reveal such matters * * * ". Kainz v. Anheuser-Busch, Inc., 15 F.R.D. 242 (N.D.Ill., 1954).

For all of these reasons, the objections of the plaintiff to Interrogatory No. 8 will be overruled, and the objection to Interrogatory No. 7 will be dismissed upon the plaintiff's withdrawal thereof at the argument.