**DEVEX CORPORATION et al., Plaintiffs,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

**Civ. A. No. 3058.**

United States District Court
D. Delaware.
Nov. 8, 1967.

See also D.C., 263 F.Supp. 17.

David F. Anderson, of Potter, Anderson & Corroon, Wilmington, Del., Walter

J. Blenko, of Blenko, Hoopes, Leonard & Buell, Pittsburgh, Pa., and Eugene F. Buell, Pittsburgh, Pa., of counsel, for plaintiffs.

Thomas S. Lodge, of Connolly, Bove & Lodge, Wilmington, Del., George N. Hibben, of Hibben, Noyes & Bicknell, Chicago, Ill., Neal A. Waldrop, of Harness, Dickey & Pierce, and George N. Shampo, Detroit, Mich., of counsel, for defendant.

## OPINION

CALEB M. WRIGHT, Chief Judge.

On April 17, 1967 the plaintiff, Devex Corporation (Devex) filed a series of eight interrogatories requiring the defendant, General Motors Corporation (GM) to disclose information with respect to all of its commercial cold forming operations over a wide variety of categories without limitation as to any specific process or period of time. The defendant, GM, has objected to answering the interrogatories.

GM objects on two grounds: one, that the interrogatories are too broad and should be limited to lubricants used by GM in its commercial cold forming process which fall within the ambit of Claim 4 of the Devex patent in suit as GM understands the claim to have been limited by the decision of the Seventh Circuit Court of Appeals, i. e., to lubricants which utilize a soap-borax film over an integral phosphate coating, and two, that

it should be compelled to answer only as to the period between 1952 and 1956, the time subsequent to the granting of the reissue patent to Devex and prior to the filing of the complaint in this action.[1]

The difficulty with respect to the interrogatories is premised upon the divergent views of the respective litigants as to limitations placed upon Claim 4 of the patent in suit by the Seventh Circuit Court of Appeals.[2] Devex contends that the Seventh Circuit found Claim 4 valid in accordance with the terms which appeared in the reissue patent.[3] Thus, the plaintiff argues that any process "which forms on the surface of metal a phosphate coating which superimposes thereon a fixed film of a composition comprising a solid meltable organic binding material containing distributed therethrough a solid inorganic compound * * *" not limited to a soap-borax fixed film over an integral phosphate coating would infringe Claim 4 of its patent.[4]

In its prior opinion this Court stated that the decision of the Seventh Circuit Court of Appeals on the issue of validity of the patent in suit, and consequently their construction of Claim 4, would constitute the law of the case as to validity. Therefore, an essential precondition to determining the proper scope to be accorded the plaintiff's pending interrogatories is dependent upon the Seventh

---

1. GM argues that in its infringement suit, Devex is only entitled to prove infringements which occurred prior to the institution of the instant suit and thus that the interrogatories must be limited to the pre-1956 period. (Defendant's Answering Memorandum in Support of Defendant's Objections to Plaintiffs' Interrogatories 1 to 8 inclusive, pp. 8–9).

2. For the history of this litigation and its present status, see the previous opinion of this Court. Devex Corporation v. General Motors Corporation, D.C., 263 F.Supp. 17 (1967). See also, Devex Corporation v. General Motors Corporation, 7 Cir., 321 F.2d 234 (1963) and Devex Corporation v. Houdaille Industries, Inc., 7 Cir., 382 F.2d 17 (July 12, 1967).

3. Claim 4 reads:
 "4. The process of working ferrous metal which comprises forming on the surface of the metal a phosphate coating, and superimposing thereon a fixed film of a composition comprising a solid meltable organic binding material containing distributed therethrough a solid inorganic compound meltable at a temperature below the melting point of the ferrous metal phosphate of said coating and having a hardness not exceeding 5 on the MOHs' hardness scale, and thereafter deforming the metal."

4. Plaintiffs' Memorandum Reply to Defendant's Objections to Plaintiffs' Interrogatories 1 to 8, pp. 6–7, and Transcript of argument heard on September 14, 1967, pp. 31, 35, 49.

Circuit's construction of Claim 4 of the plaintiff's reissue patent No. 24,017. In sustaining the validity of that patent the Court said:

"Plaintiffs claim that in the specific embodiment of Claim 4, the 'phosphate coating' is the abrasive coating of the Singer process—a seeming retrogression in the art. The overlying film is a fixed one and the 'solid meltable organic' constituent thereof is soap, the use of which had previously been found undesirable because of the cleaning problem. The 'solid meltable inorganic compound' distributed therethrough, meltable at a temperature below the melting point of the abrasive phosphate coating and having a hardness not more than 5. on the Motts' scale, is borax.

"Plaintiffs argue that new and unexpected results flow from the conjunction of elements defined in the drawing process of the Henricks' patent; that tool and die life is greatly increased and severe drawing operations can now be performed which were previously impossible. Plaintiffs say there is a coaction during the high temperatures and pressures whereby the abrasive phosphate coating reacts with the borax to form amorphous glassy materials which contribute significantly to the lubricating value of the coating; that the formation of insoluble organic materials is inhibited and there is no cleaning problem.

"There is substantial evidence in the record to prove that a new coaction between the soap, borax and phosphate occurred during the drawing process. Friedberg's tests showed that in the Henricks' process, new compounds are formed; the formation of insoluble organic compounds is inhibited, and the abrasive phosphate is transformed into a glassy amorphous compound having highly effective lubricating properties." 321 F.2d at 236–237.

Further, in response to GM's argument that Devex's claim was too broad and lacking in specificity the Seventh Circuit noted:

"The examples stated in the patent in suit and the specification teach the use of soap and borax over phosphate. They give formulas for the soap and borax and they identify the phosphate coating baths so that one skilled in the art could make them. The trial court was in error in holding that Claim 4 in the patent in suit was too broad and lacking in specificity." At p. 238.

And in the companion case of Devex Corporation v. Houdaille Industries, Inc., supra, involving the validity of the same patent in issue and the interpretation of Claim 4, Judge Major, speaking for a unanimous court, observed:

"There is evidence that defendant commenced use of the alleged infringing process as early as April 25, 1949, more than one year prior to the filing of the continuation-in-part application upon which was issued Patent No. 2,-588,234, dated March 4, 1952, from which the reissue patent in suit was issued June 7, 1955. Thus, defendant contends *that the coaction on which this Court found inventiveness (a soap-borax fixed film over an integral phosphate coating)* was not disclosed by Henricks in his earlier but abandoned application; * * *" (Emphasis supplied).

And further:

"The specifications including Examples XIX and XX, and the claims, including Claim 4 in suit, of the Canadian patent were identical with the 1950 United States application. Thus Henricks represented to the Canadian Patent Office that his 1950 United States application disclosed for the first time the soap-borax-over-phosphate, the premise upon which this Court sustained validity."

On the basis of the opinion of the Seventh Circuit, and that Court's interpretation of its own opinion in Devex v. Houdaille Industries, Inc., supra, as indicated by the quoted portion of that opin-

ion, the validity of the patent in suit was sustained only by limiting Claim 4 to a soap-borax fixed film over an integral phosphate coating. This Court concurs in the result arrived at by the Seventh Circuit Court of Appeals.

 It is fundamental that interrogatories be limited to that which is relevant to the subject matter of the pending action.[5] In patent litigation this means that the permissible scope of interrogatories is defined by the claims at issue. Stanley Works v. C. S. Mersick & Co., 1 F.R.D. 43 (D.Conn.1939).[6] Applying these well established doctrines to the instant case, it is readily apparent that the interrogatories propounded by Devex may only properly inquire into lubricants used by GM in its cold-forming processes which involve a soap-borax fixed film over an integral phosphate coating coaction. Devex is not necessarily limited, however, to Bonderlubes 235 and 246,[7] but may inquire into any other lubricants used by GM in its cold-forming processes which employ the soap-borax over phosphate technique.

██ GM's second objection is also well taken. The position of plaintiff here is similar to that taken by the plaintiff in Cinema Amusements, Inc. v. Loews, Inc., 7 F.R.D. 318 (D.C.Del.1947). The plaintiff here, as there, contends that since damages, if authorized, may be collected to the date of judgment, disclosure may be compelled for the period subsequent to the commencement of the suit. At this stage of the proceedings, however, the issue is not one of damages but whether or not there is a cause of action;[8] and, as Judge Rodney said in Cinema Amusements, Inc. v. Loews, Inc., supra:

"The cause of action or right to recover must be determined as of the time of the institution of the suit. If this right to recover be eventually sustained then evidence of matters happening subsequent to the institution of the suit may, perhaps become material as to the question of extent of damages or other relief, but until that time comes and the right to recover or to relief be established, information to be required on interrogatories will be confined to a period prior to the institution of the suit." 7 F.R.D. at p. 321.

No different rule applies to suits for patent infringement. Deller's Edition, Walker on Patents, § 651, p. 1959.

██ Absent a sufficient showing that inquiry relative to acts of infringement subsequent to the commencement of the suit may lead to the discovery of evidence relevant to acts of infringement prior to the commencement of the suit, this Court will follow the previous ruling of Judge Rodney in Cinema Amusements, Inc. v. Loews, Inc., supra.

Therefore, the plaintiff's interrogatories will be limited in time to the period from the date of reissue of the patent to the date of the commencement of this suit.

Submit order.

---

5. 4 Moore's Federal Practice ¶ 33.15.

6. E. I. du Pont de Nemours & Company v. Phillips Petroleum Company, 24 F. R.D. 416 (D.Del.1959) and Mall Tool Co. v. Sterling Varnish Co., 11 F.R.D. 576 (W.D.Pa.1951) relied upon by plaintiff do not dictate a contrary result.

7. GM has already given answers to plaintiffs' interrogatories with respect to two lubricants, Bonderlube 235 and Bonderlube 246 which it claims are the only two lubricants used by GM prior to 1956 which involve a soap-borax fixed film over an integral phosphate coating.

8. It is axiomatic that plaintiff must prove that an act of infringement occurred prior to the filing of the complaint.