**DEVEX CORPORATION et al., Plaintiffs,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

Civ. A. No. 3058.

United States District Court
D. Delaware.

May 23, 1968.

David F. Anderson, of Potter, Anderson & Corroon, Wilmington, Del., Frederick B. Ziesenheim and Arland T. Stein, of Blenko, Hoopes, Leonard & Buell, Pittsburgh, Pa., of counsel, for plaintiffs.

Thomas S. Lodge, of Connolly, Bove & Lodge, Wilmington, Del., George N. Hibben, of Hibben, Noyes & Bicknell, Chicago, Ill., Neal A. Waldrop, of Harness, Dickey & Pierce, and William S. Pettigrew, Detroit, Mich., of counsel, for defendant.

## MEMORANDUM OPINION

CALEB M. WRIGHT, Chief Judge.

The matter presently before the Court arises out of plaintiff Devex's motion to amend and supplement its complaint and defendant General Motors (GM) opposition thereto. The central issue underlying the current dispute is whether the doctrine of equivalents may, under the circumstances of this case, be invoked by plaintiff patentee under Claim 4 of its patent. Despite the rather strict limitations imposed upon Claim 4 by the Seventh Circuit Court of Appeals, see Devex Corporation v. General Motors Corporation, 321 F.2d 234 (7th Cir. 1963) and Devex Corporation v. Houdaille Industries, Inc., 382 F.2d 17 (7th Cir. 1967) and specifically adhered to by this Court in a prior opinion in the present case, Devex Corporation v. General Motors Corporation, 275 F.Supp. 310 (D.Del.1967), Devex nevertheless contends that it is not precluded from asserting the doctrine of equivalents against GM. As it reads those prior decisions, particularly the two from the Seventh Circuit, the doctrine of equivalents was nowhere discussed and is not ruled out by implication. They rely instead upon certain language of the Houdaille opinion to buttress their argument that the Seventh Circuit did not intend to foreclose

them from properly invoking the doctrine of equivalents. GM, citing Union Carbide & Carbon Corp. v. Graver Tank & Mfg. Co., 196 F.2d 103 (7th Cir. 1952), counters that the main thrust of each of the above-cited opinions was to severely narrow the scope of Claim 4 in order to sustain its validity, with the result that Devex is not entitled to assert the doctrine of equivalents against it and thereby expand the scope of Claim 4 well beyond that upon which the decision upholding its validity was premised. Understandably, both Devex and GM have attempted to focus the Court's attention on those portions of the Houdaille opinion which can be construed most favorably towards their respective contentions. Devex, as noted previously, attaches particular significance to Judge Major's treatment of the equivalents issue. The problem before Judge Major, however, was whether the disclosure of "glycerol borate" in a prior patent was chemically identical to "soap and borax over phosphate" disclosed by the patent in suit in order to meet Houdaille's defense of "intervening rights." From Judge Major's conclusion that the disclosures of the two patents were identical, however, plaintiff infers that the doctrine of equivalents was not intended to be foreclosed to it and that it should apply, a fortiori, to an alleged infringer.

Defendant GM, on the other hand, points to other portions of the opinion which, they contend, show that the doctrine of equivalents was being applied very narrowly, limited to the defense of "intervening rights" and not extended to ensnare possible infringers. The language upon which GM relies appears at 382 F.2d pp. 22–23 of the Houdaille opinion as follows:

"* * * Thus, having obtained a decision of validity on a narrow and restricted basis, they (Devex) now contend, inconsistently we think, that the claim must be applied literally to defendant's alleged infringing process. Such a construction would monopolize the whole broad field of metal forming with any use of a dry soap and borax over phosphate at any temperature or pressure, regardless of the results." (Parenthesis added).

While the parties have pointed out apparently contradictory portions of the Houdaille opinion, they have overlooked a third observation made by Judge Major which clarifies the seeming ambiguity. This is found at the bottom right column of page 23:

"In the instant case, as in General Motors, there is evidence that the patentee's process recognized by this Court required 'extreme temperatures and pressures of from 100,000 to 250,000 pounds Hertz stress.' There is also evidence that defendant's alleged infringing process requires pressures of only '10 to 25,000 pounds Hertz stress.' Moreover, the tests relied upon were made in the drawing of wire rods. *Plaintiffs had the burden of proof upon a disputed issue as to whether the same result would have been obtained in the drawing of defendant's alleged infringing automobile bumpers.*" (Emphasis added).

 Clearly, neither the narrow construction urged by GM nor the broader construction contended for by Devex was intended by the Seventh Circuit. It is the opinion of this Court that the Houdaille decision, with which this Court concurs, does not estop Devex from asserting the doctrine of equivalents with respect to Claim 4, but Devex may do so only with respect to those processes of GM which involve the same new coaction to produce the same "new and unexpected results" which are effected by soap and borax over phosphate as disclosed in the specifications of Examples XIX and XX of the Devex patent.

At the oral argument counsel for GM indicated that it was his understanding that one could not obtain the same coaction to achieve the new and unexpected results referred to above except through the use of soap and borax over phosphate. (Tr. 14 & 15). At this stage of the proceedings, however, the Court is uncertain as to whether that belief is well-founded.

Devex will, therefore, be allowed to amend its complaint to include any GM process which involves the same coaction to produce the same "new and unexpected results" as are produced by soap and borax over phosphate as disclosed by the specifications of Examples XIX and XX of the Devex patent. All discovery as to any such GM process will be subject to the limitations set forth by this Court in its opinion of November 8, 1967.

Submit order in accordance with the foregoing.