**UNITED STATES v. COLUMBIA STEEL
CO. et al.**

**Civil Action No. 1010.**

District Court, D. Delaware.
May 27, 1947.

See also 71 F.Supp. 734.

Robert L. Wright, Sp. Asst. to Atty. Gen., Wendell Berge, Asst. Atty. Gen., and John J. Morris, Jr., U. S. Atty., and W. Thomas Knowles, Asst. U. S. Atty., both of Wilmington, Del., for plaintiff.

Aaron Finger (of Richards, Layton & Finger) and Edwin D. Steel, Jr. (of Morris, Steel, Nichols & Arsht), all of Wilmington, Del., for defendants.

RODNEY, District Judge.

This matter concerns five interrogatories propounded by the plaintiff and directed to Consolidated Steel Corporation, one of the defendants, and objected to by such defendant. These interrogatories are numbered 10 to 14 inclusive. Because these interrogatories are based upon interrogatory No. 4, as to which no objection was made, so that interrogatory must be included as a basis for consideration.

Interrogatory No. 4 was:

"What is the name, address and principal business of any corporation engaged in making or selling rolled steel products or selling fabricated steel products, which is owned or controlled by you?"

To this no objection was filed.

Interrogatories 10 to 14 can be generally divided into two groups, the first embracing Nos. 10, 11 and 12 and the second Nos. 13 and 14.

The interrogatories were served under Federal Rules of Civil Procedure, rule 33, 28 U.S.C.A. following section 723c, prior to answer without precedent order of a judge. It is true that no language of Rule 33 as it now exists prohibits the service of interrogatories before answer, but

certain cases[1] have held that the filing of interrogatories before answer was premature for, until answer, no issue was presented, and thus the relevancy of the interrogatories would not appear. The service of interrogatories before answer is expressly covered by the amendment to Rule 33 approved by the Supreme Court and now submitted to Congress, but not yet effective. Under that amendment interrogatories noticed within 10 days after service of the complaint, as seems to have been done in the present case, requires the precedent order of a judge.[2] The answer was filed after the serving of the interrogatories and before the hearing of objections thereto. Counsel for both parties have assumed that the interrogatories may be considered in the light of their relevancy to the issue of competition which has been established by the answer filed after the interrogatories.

Interrogatories 10, 11 and 12 have much in common. Nos. 10 and 11 inquire as to a geographical area of 11 states, Arizona, California, Idaho, Louisiana, Montana, Nebraska, New Mexico, Oregon, Texas, Utah and Washington, while No. 12 refers only to Arizona, California and Texas. The interrogatories are so similar that one may be considered, mutatis mutandis, as the expression of each.

"No. 10. What is the name and address of each business concern known to you or the companies named in your answer to interrogatory 4 *to have sold fabricated steel products* during any of the years 1937 through 1946 in any of the states named in interrogatory 8 [being the 11 states above named] and their approximate ranking in tonnage and dollar volume in each such state during each such year?"

No. 11 seems to be similar except that for the words "to have sold fabricated steel products" there is substituted the words "to make fabricated steel products."

No. 12 seems to be similar except that for the words "to have sold fabricated steel products" there is substituted the words "to sell rolled steel products" and,

as indicated, this interrogatory only covers 3 states instead of 11 states.

The objection to the interrogatories is largely confined to the concluding portion of each, viz., "and their approximate ranking in tonnage and dollar volume in each such state during each such year."

In considering the objections it must not be overlooked that one basic issue in this case will be the extent of competition eliminated by the proposed arrangement. The plaintiff contends this competition is substantial and the answer denies it. No notice will now be taken of the filing of interrogatories before answer, for to do so might merely require the re-noticing of the interrogatories. An issue then will be the extent of competition, and information required by interrogatories upon that issue is relevant. The first portion of the interrogatories is clearly relevant and must be answered and, indeed, little objection is taken thereto.

The purpose and coverage of the field of interrogatories has been clarified by Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 392, where it is said:

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. * * *"

It is my understanding that, following Hickman v. Taylor, any party may be required to furnish information in its possession relevant to the issue. No case called to my attention required an interrogated party to make research or compilation of data, except that within its own knowledge. The government concedes that "if the knowledge of the defendant is inadequate or incomplete with respect to any of these matters, it need only so state in its answer."

As to interrogatories 10, 11 and 12 the defendant must give to the plaintiff those material and relevant facts desired which it may have in its possession. It need not enter upon an independent re-

[1] Stewart Warner Corporation v. Staley, D.C., 2 F.R.D. 199; Sheldon v. Great Lakes Transit Corporation, D.C., 2 F.R.D. 272; Musher Foundation, Inc., v. Alba Trading Co., Inc., D.C., 42 F. Supp. 281; Standard Accident Ins. Co. of Detroit v. Home Indemnity Co., D.C., 6 F.R.D. 218.

[2] See amendments in 6 F.R.D. 229, 237.

search in order to acquire the information merely for the purpose of answering the interrogatory. All of the cases so hold.

Objection is also made to interrogatories Nos. 13 and 14, which are as follows:

"13. Which, if any, of the companies named in answer to interrogatories 10, 11, or 12 do you regard as competitors of yourself or of any of the companies named in your answer to interrogatory 4?"

"14. If the answer to interrogatory 13 excludes any of the companies named in answer to interrogatories 10, 11, and 12, what are the reasons why you do not regard each such excluded company as a competitor?"

Objection is made to these interrogatories upon the grounds (1) that the interrogatories are irrelevant and immaterial; (2) that they call for no facts but merely contentions, opinions and conclusions; and (3) that the answers of opinions, operating as admissions, unduly limit the defendant in his defense.

█ (1) I cannot say that the interrogatories are irrelevant. Relevancy does not depend upon admissibility as evidence but rather refers to the subject matter of the proceedings. The subject matter of these proceedings may include the extent of competition. If the interrogatory 13 was otherwise unobjectionable, I could not say it was irrelevant.

█ (2) It is objected that interrogatory No. 13 calls for no facts but merely the contentions, opinions and conclusions of the defendant. The interrogatory in form inquires "Which, if any, of the companies * * * do you regard as competitors * * *?" The essence of the interrogatory would be the same if it had been phrased "Which, if any, of the companies * * * is, in your opinion, * * * a competitor?" So phrased it would be quite impossible to conclude that it did not require an opinion. That contentions, opinions and legal conclusions may

not be required by interrogatories is sustained by numerous decisions.[3]

But the government contends that interrogatories may be directed to the ascertainment of "an economic fact" and that any interrogatory is proper if it could be asked of a witness on the stand.[4] Of course, it would be improper at this stage to determine what rulings may be given as to opinion evidence offered at the trial, and it may only be remarked that economic facts relative to the existence of competition may be inquired about, but that the legal conclusions as to the effect of the extent of the competition must be the function of the court or jury, as the case may be. Indeed, in Caggiano v. Socony Vacuum Oil Company, D.C., 27 F.Supp. 240, the precise point here involved was passed upon and the court said:

"* * * interrogatories may cover as broad a field of inquiry as when the interrogated party is called as a witness to testify orally at the trial, I think the defendant need not give contentions or legal conclusions."

The government places some reliance upon Judge Leahy's opinion in Hercules Powder Co. v. Rohm & Haas, D.C., 3 F.R.D. 328. In that case two terms, "toxic agent" and "insecticide," were found in a patent and it was merely held that a plaintiff, relying upon some distinction, should indicate the bases of such distinction in order to facilitate the trial. The case explicitly holds that an interrogated party need only answer matters of fact and is not required to express opinions.

Of course, any holding that a party cannot be interrogated as to its contentions is subject, as to extent, to the basic purpose of simplification of issues. Thus in patent cases a plaintiff may be asked what claims of a patent he contends have been infringed[5] or a defendant may be asked to specify in what respect applicable statutes or rules have not been complied with.[6]

[3] Lanova Corporation et al. v. National Supply Co., D.C., 29 F.Supp. 119, 120; Schoeneman, Inc., v. Brauer et al., 1 D.C., F.R.D. 292; Nakken Patents Corporation v. Rabinowitz, D.C., 1 F.R.D. 90; Doucette v. Eastern States Transp. Co., Inc., 1 D.C., F.R.D. 66; Doucette v. Howe, D.C., 1 F.R.D. 18, 19; Chemical Foundation, Inc., v. Universal-Cyclops Steel Corporation, 1 F.R.D., D.C., 533; Byers Theaters, Inc. v. Murphy, D.C., 1 F.R.D. 286; Ryan v. Lehigh Valley R. Co., D.C., 5 F.R.D. 399.

[4] American S. S. Co. v. Buckeye S. S. Co., D.C., 1 F.R.D. 773, 775.

[5] E. I. DuPont deNemours & Co. v. Byrnes, D.C., 1 F.R.D. 34.

[6] McInerney v. Wm. P. McDonald Construction Co., D.C., 28 F.Supp. 557.

In the present case the issue is more clearly defined and further answer requires merely an opinion of the party.

The objection to interrogatory 13 is sustained.

Interrogatory 14 merely requires the reasons upon which the mental reactions required by No. 13 were based. It must fall with the interrogatory upon which it is solely founded.