**TOBACCO AND ALLIED STOCKS, Inc., et al., Plaintiffs,**

v.

**TRANSAMERICA CORPORATION, Defendant.**

**Civ. No. 1468.**

United States District Court
D. Delaware.

Dec. 6, 1954.

---

See also 16 F.R.D. 534; 16 F.R.D. 545.

Daniel O. Hastings and Stewart Lynch (of Hastings, Lynch & Taylor), Wilmington, Del., and Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for plaintiffs.

Edwin D. Steel, Jr., George T. Coulson and William S. Megonigal, Jr. (of

Morris, Steel, Nichols & Arsht), Wilmington, Del., for defendant.

LEAHY, Chief Judge.

Plaintiffs put to defendant additional interrogatories 1 to 38, inclusive. Defendant answered interrogatories 16, 21, 22, 29, 33, 34 and 35. Defendant objects to interrogatories 1, 2, 24, 27 and 28 on the ground the information called for was not relevant to defendant's affirmative defenses of statute of limitations, estoppel, laches and waiver. Additional ground of objection to interrogatory 1 was to make answer would be burdensome and vexatious. Objections under interrogatories 24, 27 and 28 were on the ground disclosures called for "work product". Defendant objects to interrogatories 3–15, 17–20, 23, 25, 26 and 36–38, inclusive, on the ground of irrelevancy to the specific defenses noted, which were separated by order of the Court to be tried prior to the trial of the remaining issues of the case. Objection to interrogatory 17 is that the interrogation is based on a false premise. Additional grounds of objection to interrogatories 3, 4, 7, 8 and 9 are they call for the interviewing by defendant of thousands of persons in order to make answer. Additional ground of objection to interrogatories 23, 25 and 26 is they call for the disclosure of "work product" of defendant's attorneys. Defendant objects to interrogatories 30, 31 and 32 because answer calls for contentions, opinions and legal conclusions, as well as "work product".

1. The first question involves interrogatories as to which defendant has already filed answers. The complaint alleges sale of 9,380 shares of Class A stock of the Axton-Fisher Tobacco Company by plaintiffs, minority stockholders, to defendant, Transamerica Corporation, at $47.50 per share on September 18, 1942. At this time, it is alleged, Transamerica was a majority stockholder of Axton-Fisher and, as such, had a secret design, undisclosed to plaintiffs, to capture for itself, in violation of fiduciary duty owed the minority stockholders, profit in Axton-Fisher resulting from increased value of inventory of leaf tobacco by liquidating Axton-Fisher so plaintiffs would be excluded from participation. The complaint, filed almost ten years later on July 10, 1952, charges violation also of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j (b) and Rule X–10B–5. Defendant's answer admits purchase of the shares but denies all other allegations of wrong-doing in the complaint. The noted affirmative defenses are relied on. Defendant moved for a separate trial of the issues of statute of limitations, estoppel, laches and waiver, and the postponement of trial of the remaining issues. Thereafter plaintiffs and defendant stipulated the defenses of statute of limitations, estoppel, laches and waiver should be tried to the Court. The stipulation was approved by order pursuant to Fed.Rules Civ.Proc. rule 42(b), 28 U.S.C.A.

2. Obviously, plaintiffs agreed to defendant's motion for a separate trial of the four pleaded defenses prior to a trial of the remaining issues. It follows this voluntary limitation of issues should likewise apply to pre-trial discovery, otherwise the purpose of the stipulation and the Court's order would be defeated. As noted, I have already ruled on limiting the scope of examination of one deponent.[1] Other federal courts have likewise ordered deferment of discovery relating to other issues in a particular case pending preliminary determination of special defenses, which, if resolved in favor of a defendant, dis-

---

[1] In a similar situation, I took an analogous position in limiting the scope of the deposition of Joseph T. Cullman, Jr., whose deposition had been noticed by plaintiffs, to inquiries into matters relating solely to the special defenses.

poses of the litigation. Momand v. Paramount Pictures Distributing Co., D.C. Mass., 36 F.Supp. 568; Pyle v. Pyle, D.C.W.D.La., 81 F.Supp. 207. This judicial limitation of the scope of pretrial discovery to matters relevant to defenses to be determined preliminarily is in accord with limitations of relevancy upon the scope of discovery by interrogatories. Sutton v. Warner Bros., D. C.E.D.Pa., 12 F.R.D. 192, 194; United States v. Columbia Steel Co., D.C.Del., 7 F.R.D. 183, 185. For example, Judge Rodney, in Cinema Amusements, Inc., v. Loew's, Inc., D.C.Del., 7 F.R.D. 318, at page 320, wrote: "* * * While Hickman v. Taylor [329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451] solved many problems concerning interrogatories, there is no indication that it solved the problems here present. *It did not attempt to make irrelevant and immaterial matters proper subjects of interrogatories.*" (Emphasis added.) In short, relevancy for purposes of discovery means relevancy to a particular pleaded affirmative defense of statute of limitations, etc.

■ Defendant should not be required to answer interrogatories not relevant to the trial of the defenses of statute of limitations, estoppel, laches and waiver where this Court, pursuant to stipulation of the parties, has entered an order these defenses will be tried prior to trial of any other issues in the case. While plaintiffs argue relevancy of interrogatories 3–15, 17–20, 23, 25, 26 and 36–38, inclusive, to the merits of other issues raised by the complaint and answer, such interrogatories are obviously not relevant to the trial of the four pleaded affirmative defenses. This is true also as to interrogatories 1, 2, 24, 27 and 28, except as to those interrogatories relating to the allegations of paragraphs 30 and 31 of the answer filed by defendant.

I think defendant should be required to answer only those interrogatories as are relevant to its pleaded affirmative defenses of statute of limitations, estoppel, laches and waiver. After all, plaintiffs agreed to this limitation of subject matter and should not now be heard to contend otherwise.

3. Defendant objects to certain interrogatories the answering of which requires research and compilation of data not known to defendant and answers to which would require interrogation of thousands of persons. Interrogatories 1, 3, 4, 7, 8 and 9 are broad and, in addition to the objection of irrelevancy, defendant objects on the other grounds stated. For example, interrogatory 1 seeks the name and address of each director, officer, stockholder, employee or agent of defendant who has knowledge of the facts alleged in the complaint and answer. Interrogatory 3 inquires whether any such person had any plan at the time defendant contemplated the initial purchase of the 80,160 Class B shares of Axton-Fisher to liquidate that company. With the exception of interrogatories 3 and 4, interrogatories 1, 3, 4, 7, 8 and 9 are not limited as to time, as to directors, officers, stockholders, employees or agents of defendant required to be identified. In fact, these interrogatories make inquiry concerning knowledge, state of mind, plan or purpose of defendant's stockholders which, in 1941, numbered approximately 180,300 and which at no time between 1941 and 1954 numbered less than 116,300. Moreover from 1941 to 1954, 13,800,000 shares of defendant's stock were traded on three exchanges on which the stock was listed and a list of persons owning the stock for such period would contain at least 180,000 and possibly as many as 500,000 names. The specific interrogation calls for questioning hundreds of thousands of persons. The task is impossible. To ascertain the knowledge, state of mind, plans or purposes of each in 1941–42 and subsequently would be vexatious to an extreme de-

gree. The research project would have gigantic proportions. I have never observed an interrogatory so oppressive. Judge Rodney announced the rule of law for this District in United States v. Columbia Steel Co., D.C.Del., 7 F.R.D. 183, 184–185:

 "No case called to my attention required an interrogated party to make research or compilation of data, except that within its own knowledge. * * * [Defendant] need not enter upon an independent research in order to acquire the information merely for the purpose of answering the interrogatory. All of the cases so hold."

 Defendant will not be required to answer interrogatories 1, 3, 4, 7, 8 and 9, as the same have been put.

4. Interrogatory 17 requires:

 "17. What if anything was done by any officer, representative or agent of Transamerica to offset the possibility of the *liquidation* or merger contained in the following extract from the minutes of the Axton-Fisher Board of June 16, 1943, viz.:

> " 'This action was taken in the light of developments since April 30, 1943, which indicate a possibility that, in the not too remote future, there may occur any one of several events enumerated in the Articles of incorporation, such as merger or consolidation, which could possibly make Class A common shares of more value to the holders than their current redemption or conversion rights.' "

Defendant objects to interrogatory 17 on the ground[2] it is based upon a false premise, viz., the assertion the resolution adopted by the Board of Directors of Axton-Fisher on June 16, 1943, refers to the possibility of the liquidation of Axton-Fisher when, in fact, from the face of interrogatory 17 itself, the reso-lution contains no reference to the possibility of liquidation of Axton-Fisher. A party is not required to file conjectural answers to interrogatories based upon false premises. Otherwise, an answering party might be trapped into syllogistic pitfalls not based on fact but from which a false inference might be drawn.

 Defendant is not required to answer this interrogatory.

 5. In addition to the objections already made to interrogatories 23, 24, 25, 26, 27, 28, 30, 31 and 32, defendant also objects on the ground disclosure would be made of defendant's attorneys' work product. The precise questions surrounding the problem of these interrogatories are limited to the validity of defendant's defenses of statute of limitations, estoppel, laches and waiver. Proof on these matters, or counter-proof, should be within plaintiffs' own knowledge. Plaintiffs must know on what date they performed or did not perform acts from which the running of a statute of limitations begins. Such defenses are based on words and acts of plaintiffs themselves. Interrogatories 30, 31 and 32 call for disclosure of defendant's counsels' legal theory of what evidence in the form of "persons" and "acts" forms the basis of the affirmative defenses. Such is a tangible example of an attorney's "work product", for they constitute the attorney's mental impressions, theories, and beliefs as to his case. Such documents are protected from discovery under the Hickman case. Pre-trial discovery does not call for the elicitation of contentions, opinions or legal conclusions of an attorney. Professor Moore writes, in 4 Moore's Federal Practice (2d Ed.), pp. 2303–07:

"The courts in a large number of cases have held that interrogatories are

---

2. As indicated, this interrogatory is also objectionable because irrelevant to issues raised by defendant's special defenses.

improper which call for opinions, conclusions or contentions. While it has been recognized 'that any person answering a question relating to a fact must base his answer upon conclusion, inferences, opinions or evaluations of certain things he has perceived' and 'that very little, if any, of the "factual information" possessed by a human being is not based upon inference, deduction or conclusion,' the courts have held that 'it is the ascertainment of facts that is the object of discovery proceedings as contrasted with opinions, conclusions or contentions.' Hence interrogatories have been rejected which call upon a party to classify his injuries as temporary or permanent and to approximate the date of partial or complete recovery, or to state what he did in an attempt to avoid an accident, or to state the speed at which he was travelling or what he was intending to do at the time of a collision, or to state which of certain companies the defendant in an anti-trust suit regards as competitors and why any of them are not so regarded, or to state whether an estate was solvent, or to say what in the party's opinion was the nature and cause of an alleged unsafe or defective condition of a motor. In patent cases, the courts have refused to require a party to "identify the respective claims' of its patents 'applicable' to its installations, since this would require a construction of the claims; or to state whether specific tools are 'of the general type shown and described' in four patents in suit; or to say whether certain stoves include as a constructional feature particular elements defined in complex language; or to compare patent claims with his own or his opponent's devices; or to compare his patent with his adversary's; * * *. In a trade mark case, an interrogatory calling for an opinion as to the validity and right of registration of a trade mark has been held improper. Interrogatories have been held bad as calling for 'contentions' or 'legal conclusions' which asked a party to state whether he contended that the adverse party was in default at any time that he was a tenant, or to state in what respect defendant in a suit for loss by fire failed and neglected to see that proper precautions were used by a co-defendant in repair work, as alleged in the complaint, or to state 'what act or acts of defendant are complained of as infringements.' In particular, the courts have held it improper to require a plaintiff to 'state fully and in detail what act or acts the defendant did or failed to do which caused you injury' or to require a defendant to state 'each and every act or omission to act on the part of the plaintiff which you claim in any way contributed to the alleged accident,' or to 'set forth in detail the risk and danger in and about and connected with the situation at and about the time and place of the accident which were open, obvious, apparent and known to and assumed by plaintiff'."

Judge Rodney announced the rule of this District in United States v. Columbia Steel Co., D.C.Del., 7 F.R.D. 183–185:

"It is objected that interrogatory No. 13 calls for no facts but merely the contentions, opinions and conclusions of the defendant. The interrogatory in form inquires 'Which, if any, of the companies * * * do you regard as competitors * * *?' The essence of the interrogatory would be the same if it had been phrased 'Which, if any, of the companies * * * is, in your opinion * * * a competitor?' So phrased it would be quite impossible to conclude that it did not require an opinion. *That contentions, opinions and legal conclusions may not be required by interrogatories is sustained by numerous decisions.*

"But the government contends that interrogatories may be directed to the

ascertainment of 'an economic fact' and that any interrogatory is proper if it could be asked of a witness on the stand. Of course, it would be improper at this stage to determine what rulings may be given as to opinion evidence offered at the trial, and it may only be remarked that economic facts relative to the existence of competition may be inquired about, but that the legal conclusions as to the effect of the extent of the competition must be the function of the court or jury, as the case may be. Indeed, in Caggiano v. Socony Vacuum Oil Company, D.C., 27 F.Supp. 240, the precise point here involved was passed upon and the court said:

" ' * * * interrogatories may cover as broad a field of inquiry as when the interrogated party is called as a witness to testify orally at the trial, *I think the defendant need not give contentions or legal conclusions.'* " (Emphasis added.) Other cases decided in this Court to like effect are General Motors Corporation v. California Research Corporation, D.C.Del., 8 F.R.D. 568–570, 571; Hercules Powder Co. v. Rohm & Haas, D.C. Del., 3 F.R.D. 328, 330.

Plaintiffs rely on a number of cases [3] where the Superior Court of Delaware, in construing its Rule 33, Del.C.Ann., on the basis of the Hickman case, has been more liberal then have the majority of federal courts in construing Fed.Rules Civ.Proc. rule 33. Whatever effect should be given to the decisions in the Delaware State Court, they are not in line with the opinion of Judge Rodney in Cinema Amusements, Inc., v. Loew's, Inc., D.C.Del., 7 F.R.D. 318, 320, where he wrote:

"There is no indication that Hickman v. Taylor intended in any way to change the pre-existing rule of law that it is the ascertainment of facts that is the object of discovery proceedings as contrasted with opinions, conclusions or contentions."

■ Answers to Interrogatories 30, 31 and 32 obviously require defendant's attorneys to sift facts relating to statute of limitations and laches, evaluate the effects of such facts with respect to each plaintiff in the instant case, reach their conclusions, and then articulate to plaintiffs' attorneys the entire set of mental impressions and opinions which support the affirmative defenses. Such attempted probing of mental processes is palpably improper.

All interrogatories as to which defendant has filed objections need not be answered.

■ 6. Defendant has already filed answers to Interrogatories 16, 21, 22, 29, 33, 34 and 35. Plaintiffs, unsatisfied, seek further answer to Interrogatories 16, 21, 22 and 29. Whether further answers are required in any given case is within the discretion of the Court.[4] Plaintiffs make no showing to entitle them to further answers to these interrogatories. For the most part, the further answers are urged because of certain factual and legal determinations made in the Speed, Friedman and Zahn cases [Speed (Friedman and Zahn) v. Transamerica Corp., D.C., 99 F.Supp. 808; 100 F.Supp. 461 and 100 F.Supp. 463] which have relevancy. Whatever be the accuracy of these contentions, any conclusions made in those cases are not final, at least as to the appellate courts. For obvious reasons, plaintiffs' motion to require further answers to each of these interrogatories, 16, 21, 22 and 29, will be denied.

---

3. E. g., Pfeifer v. Johnson Motor Lines, Inc., Del.Super., 89 A.2d 154, per Herrmann, J.; Costello v. Cording, Del.Super., 91 A.2d 549, per Layton, J.; Laskowski v. Atomic Cleaners & Dyers, Inc., Del. Super., 89 A.2d 157, per Herrmann, J.

4. Lowe v. Greyhound Corporation, D.C. Mass., 25 F.Supp. 643–645; 4 Moore's Federal Practice (2d Ed.), p. 2330.

For the reasons discussed, defendant's objections to the 31 additional interrogatories of plaintiffs will be sustained.[5] Plaintiffs' motion to require answers to additional interrogatories will be denied.

## Appendix

### (Basis of each ruling is shown by "X")

| Interrogatory Number | I — Not Relevant To Trial of Special Defenses | II — Burdensome and Vexatious Because Of Research Which Would Be Required | III — Based Upon A False Premise | IV — Answers Call For Disclosure of Attorneys' Work Product | V — Answers Call For Contentions, Opinions and Legal Conclusions |
|---|---|---|---|---|---|
| 1 | X | X | | | |
| 2 | X | | | | |
| 3 | X | X | | | |
| 4 | X | X | | | |
| 5 | X | | | | |
| 6 | X | | | | |
| 7 | X | X | | | |
| 8 | X | X | | | |
| 9 | X | X | | | |
| 10 | X | | | | |
| 11 | X | | | | |
| 12 | X | | | | |
| 13 | X | | | | |
| 14 | X | | | | |
| 15 | X | | | | |
| 17 | X | | X | | |
| 18 | X | | | | |
| 19 | X | | | | |
| 20 | X | | | | |
| 23 | X | | | X | |
| 24 | X | | | X | |
| 25 | X | | | X | |
| 26 | X | | | X | |
| 27 | X | | | X | |
| 28 | X | | | X | |
| 30 | | | | X | X |
| 31 | | | | X | X |
| 32 | | | | X | X |
| 36 | X | | | | |
| 37 | X | | | | |
| 38 | X | | | | |

5. In the Appendix following this Memorandum is a chart showing the basis of the present rulings here in sustaining defendant's answers and objections to answering plaintiffs' interrogatories.