UNION CARBIDE CORPORATION, Plaintiff,

v.

The TRAVELERS INDEMNITY COMPANY and the Aetna Casualty and Surety Company, Defendants.

Civ. A. No. 72–467.

United States District Court, W. D. Pennsylvania.

Dec. 19, 1973.

Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa. (David B. Buerger and George L. Cass, Pittsburgh, Pa.), for plaintiff.

John David Rhodes, of Thomson, Rhodes & Grigsby, Pittsburgh, Pa., and Lamar Tooze, Jr., Portland, Or., for Travelers.

Robert S. Garrett and Frederick N. Egler, of Egler, McGregor & Reinstadtler, Pittsburgh, Pa., for Aetna.

## MEMORANDUM ORDER

WEBER, District Judge.

This case involves a dispute between two insurance carriers as to the cover-

age afforded to the Plaintiff, arising out of its liability to Neville Chemical Company established in Neville Chemical Co. v. Union Carbide Corp., D.C., 294 F.Supp. 649; 422 F.2d 1205 [3rd Cir. 1970].

Defendant Travelers Indemnity Company (Travelers) served on Defendant Aetna Casualty and Surety Company (Aetna) a set of sixteen Interrogatories and Aetna objected to Interrogatories No. 6, 7, 8, 9, 11, 12 and 13. Travelers has filed a Motion to Compel Discovery under Rule 37 and Aetna has filed its Response. Both Aetna and Travelers have provided the court with Briefs for determination of the Motion under Rule 78.

■■■ In Interrogatories No. 6 and No. 7, Travelers seeks information concerning the charges Aetna made against its policy covering Plaintiff Union Carbide Corporation for settlement of claims other than the specific claim out of which this suit arises. Aetna's objection is made in conclusionary language to the effect that the requested information is not relevant to any issue contested in the present case. However, the issue in this case is insurance coverage, Fed.R.Civ.P. 26(b)(2) specifically opens this field to discovery, and we believe that the possible exhaustion of policy limits by other claims are matters subject to discovery. Interrogatories which are reasonably calculated to lead to the discovery of admissible evidence should be allowed. Metal Foil Products Mfg. Co. v. Reynolds Metals Co., 55 F.R.D. 491 [D.C.Va.1970]; 4 Moore's Federal Practice ¶ 26.56 [1] (1972 ed.). It seems to us that there is at least a "likelihood that useful evidence may be uncovered" (Boeing Airplane Co. v. Coggeshall, 108 U.S.App.D.C. 106, 280 F.2d 654, 659 [1960]) if we compel answers to Nos. 6 and 7.

■ In Interrogatories No. 8 and No. 9, Travelers asks what reserve Aetna carries on the liability asserted in the instant case and what reserves it carries on product-risk claims for its policy covering Plaintiff in the years 1963–66. The answers sought involve the internal opinions and conclusions of Aetna. Prior to the 1970 amendments to the discovery rules the weight of authority rejected interrogatories calling for opinions, conclusions or contentions. See 4A Moore's Federal Practice ¶ 33.17 (1972 ed.); 8 Wright and Miller, Federal Practice and Procedure § 2167. Although the 1970 amendments render expert opinions discoverable we believe that the intent of the Rules is directed to opinions as to factual issues in controversy and do not render discoverable the internal opinions and conclusions Aetna has reached in valuating the reserves in issue. We note that Travelers has not cited and we have not discovered any authority for compelling the discovery of an insurance carrier's reserve against the liability asserted either in the principal case or in collateral claims. More importantly, we do not believe that the proper end of discovery—expedition of the litigation either by narrowing the area of controversy or by avoiding unnecessary testimony or by providing a lead to evidence—will be served by allowing discovery of the reserves in question. See United States v. Meyer, 398 F.2d 66 [9th Cir. 1968]; 4 Moore's Federal Practice ¶ 26.56 [3], pp. 26–164 (1972 ed.). We also observe that there might have been some merit to an objection to Nos. 8 and 9 on the basis that the contingent and uncertain nature of reserves could render questions about reserves tantamount to hypothetical questions. Questions calling for an opinion based on hypothetical facts have been held improper. Tobacco & Allied Stocks, Inc. v. Transamerica Corp., 16 F.R.D. 537 [D.C.Del.1954].

■ Interrogatories No. 11, No. 12, and No. 13 also seek opinion evidence—the legal and factual theories supporting Aetna's assertion of full discharge of its policy liability in the Neville claim together with documentation of the specif-

ic incidents which constituted the accident or accidents. Aetna contends that the information sought is privileged and beyond the scope of discovery. We first observe that the subject matter of Interrogatories No. 11, 12 and 13 is not beyond the scope of discovery; it is clearly relevant to issues presently contested in this litigation.

 Three other grounds of objection to Nos. 11, 12 and 13 are asserted; attorney-client privilege, work product privilege and legal conclusion. Aetna asserts the attorney-client privilege in conclusionary language but does not explain how it applies in the instant case. The attorney-client privilege is limited to confidential communications *from* a client *to* his attorney. 28 P.S. § 321. The court cannot perceive any proper ground for Aetna's invocation of attorney-client privilege. The work product privilege and legal conclusion objections are not without merit here. But because Aetna is in the insurance business and, pursuant to the conduct of that business, it regularly makes business decisions of the type here inquired about, all such business decisions concerning insurance coverage are mixed questions of fact and law. This objection does not seem to fit the description of work product, the mental impression and legal theories of the attorneys who are preparing the case for trial. Moreover, the last paragraph of the 1970 Amendment to Rule 33(b) and the Advisory Committee Note accompanying the amended Rule indicate that the better reasoned position on this question is allowing discovery despite the technical objection that the answers would contain opinions, contentions or legal conclusions. See 4A Moore's Federal Practice ¶ 33.17, pp. 33–97 (1972 ed.). Again we must look to the proper end of discovery—expedition of the litigation by narrowing the area of controversy. We are convinced that Interrogatories No. 11, 12 and 13 are designed to narrow the area of controversy. The objections will be overruled.