INDEPENDENT PETROCHEMICAL CORPORATION, et. al., Plaintiffs,

v.

The AETNA CASUALTY & SURETY COMPANY, et. al., Defendants.

Civ. A. No. 83–3347.

United States District Court, District of Columbia.

Nov. 20, 1986.

See also, D.C., 117 F.R.D. 292.

## MEMORANDUM OPINION and ORDER

ARTHUR L. BURNETT, Sr., United States Magistrate.

The Court (Flannery, Judge) in a memorandum opinion, filed May 2, 1986 deciding the trigger of coverage issue in this insurance coverage case dealing with allegations in the underlying tort claims of dioxin contamination causing bodily injury and property damage to residents in the State of Missouri, referred the then pending discovery dispute concerning the sufficiency of plaintiffs' responses to Hartford's interrogatories and all future discovery disputes to be handled by a United States Magistrate. The Court partially ruled on Hartford's motion for dismissal for abuse of discovery or, in the alternative, to compel further answers by the plaintiffs to Hartford's interrogatories and production of documents and for sanctions, denying the motion for dismissal and for sanctions and granting leave to Hartford on April 21, 1986 to supplement its motion to compel and plaintiffs, the right to file a further response thereto.

To keep the discovery moving forward, the Magistrate scheduled prompt hearings to establish a discovery schedule, but due to the complexity of the issues involved and the number of defendants, some 20 separate active insurance carriers, the Magis-

trate decided after a hearing in June, 1986 to allow counsel to proceed with discovery simultaneously on each side within their own discretion and with due regard for their other commitments. Counsel for the plaintiffs were then instructed to file whatever motions they had with reference to alleged deficiencies in the several defendants' responses to interrogatories and document production, and thereafter an extensive hearing was held on August 6, 1986 on Hartford's motion to compel, directed against the plaintiffs, and the plaintiffs' motion to compel directed against 18 of the defendant insurance carriers.

To resolve the issues of what further discovery should be compelled, the Magistrate considered it essential to become immersed in the case and to review all of the pleadings and subsequent memoranda and papers filed since November 9, 1983. When the Court referred the matter of discovery to a Magistrate on May 2, 1986, that filing was Docket No. 406. The filings since, as of this date, has now exceeded Docket No. 700. A detailed review of every pleading in the file has been a mammoth task and has taken longer than originally contemplated, but the Magistrate is of the view that the insights and perspective gained will enable this Magistrate to strike a prudent judicial balance between compelling what is truly relevant or what may lead to admissible evidence now in the case involving the several insurers' affirmative defenses, *e.g.*, the failure to give notice, alleged non-disclosure, no coverage because of the pollution exclusion provision, no coverage because the contamination was not unexpected or unintended or accidently or sudden, and other related issues, but at the same time preventing burdensome, harassing and unduly expensive irrelevant discovery. In this respect the Magistrate has focused on that provision of Rule 26 added in 1983 providing for such an approach:

> The frequency or *extent of use of the discovery methods* set forth in subdivision (a) *shall be limited by the court* if it determines that: (i) the discovery sought is *unreasonably cumulative or duplica-*

> *tive, or is obtainable from some other source that is more convenient, less burdensome, or less expensive,* (ii) *the party seeking discovery had had ample opportunity by discovery in the action to obtain the information sought;* or (iii) *the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation.* (Emphasis added).

The relevancy of the italicized language will become obvious and will be discussed in the context of the specific discovery disputes hereinafter set forth.

The Magistrate has also carefully reviewed the Court's opinions of February 4, 1986, May 2, 1986 and August 8, 1986 and other relevant judicial precedent such as *Abex Corporation v. Maryland Casualty Company,* 790 F.2d 119 (D.C.Cir.1986), *Eli Lilly & Co. v. Home Insurance Co.,* 764 F.2d 876 (D.C.Cir.1985) *American Home Products Corp. v. Liberty Mutual Insurance Co.,* 565 F.Supp. 1485 (S.D.N.Y.1983), *aff'd as modified,* 748 F.2d 760 (2d Cir. 1984), and *Keene Corp. v. Insurance Company of North America,* 667 F.2d 1034 (D.C.Cir.1981), *cert. denied* 455 U.S. 1007, 102 S.Ct. 1644, 71 L.Ed.2d 875 (1982). The Magistrate has also reviewed, where applicable, the supplemental responses to interrogatories and filings as to supplemental production of documents and records and the factual representations of the parties in their oppositions to the motion to compel. The Magistrate has also carefully studied the several subsequent motions for partial summary judgment, with their statements of material facts not in dispute, affidavits and declarations, which have been filed in the interim between the time the respective motions to compel were filed and this date. It would be an unjustified waste of litigants' personnel and financial resources and counsels' time to require supplementation of answers to interrogatories where the factual information sought has been

disclosed in connection with subsequent motions for partial summary judgment.[1]

The Magistrate further notes that a substantial number of depositions has been taken since the motions were filed. Where the deponents have furnished the factual information in the course of such depositions it would be an unjustified imposition on the litigant's time to prepare supplemental answers and an unwarranted expense and use of attorney professional time. Thus, while there has been some delay in resolving the discovery issues pending as to the interrogatories and related document production, the intervening developments moot the need for further responses except as affirmatively and explicitly hereinafter required. With the depth of knowledge the Magistrate has now acquired from a thorough review of the entire court file, it is intended that all further discovery issues will be promptly ruled upon.

We now turn to a discussion of the specific interrogatories and documents request disputes at issue and will ruled upon them in the posture of the case as it exists today in order to prevent needless duplication, the presenting of cumulative factual information which the requesting party already has available to it, and to achieve a resolution which prevents the discovery required from being unduly burdensome or expensive with due regard to the plaintiffs being in Chapter 11 bankruptcy reorganization proceedings in the U.S. Bankruptcy Court in Jacksonville, Florida and to expense and burden which would be placed on the insurers to engaged in extensive searches of their policy files over a thirteen (13) year period from 1970 to 1983 for information which, at most, may only have marginally relevancy as to the affirmative defenses being asserted by the carrier defendants, where the real focus is upon the plaintiffs, their agents and employees as to notice, non-disclosure, and whether the dioxin contamination and the alleged resulting bodily injury to persons and property damages was unexpected or unintended and subject to the pollution exclusion provision of the policies in issue.

### Hartford's Motion to Compel Further Answers to Interrogatories by Plaintiffs and Production of Documents

In general, with due consideration being given to the pending summary judgment motions, the Magistrate considers it appropriate to deny the motion to compel as to all contention interrogatories except as explicitly hereafter required. The emphasis at this stage of the proceeding should be upon obtaining pure factual information and the names of individuals having knowledge of the facts. With this principle governing, the Magistrate concludes that the plaintiffs shall furnish complete, detailed factual information now known to them only as to the following interrogatories—No. 1(a), (b), (c), (d) and (e), furnishing a direct and specific answer as to each insurer and each policy as to each subpart, general conclusory answers being insufficient; No. 3, as to persons not previously identified and a summary of the nature, extent and source of such, knowledge, and as to persons previously identified, a statement of each such persons knowledge to the extent not previously furnished or that person has not been deposed; No. 5, as to the persons identified and the *actual* knowledge of the facts they have and detailing their precise involvement; No. 13, identifying specifically actual contact and communication and summary of substance thereof and any additional persons now known, eliminating all speculation and conjecture; No. 17, with the details as to the nature, extent and source of such persons' actual knowledge; No. 19, furnishing a direct and specific response as to "each communication" and the identity of the person(s) involved; No. 20, furnishing a direct and specific response as to "each communcation" and the identity of the person(s) involved; No. 22, as to "each

---

**1.** The most recent motions deal with the issue regarding the number of "occurrences" within the meaning of the insurance policies at issue. This question may involve both a question of interpretation of the insurance policy provision and a factual determination. In any event, the briefing on this issue should provide all the relevant information requested by interrogatories and thus it is totally unnecessary to require supplemental answers on the issue of the number of "occurrences" and the respective parties' contentions with respect thereto.

action taken" and a direct response as to the specifics thereof; No. 23, as to "each statement" made to plaintiffs' agents or employees; No. 28, to the extent plaintiffs have information directly responsive not previously furnished; and No. 31, to the extent plaintiffs have information directly responsive not previously furnished. With reference to the above required responses the Magistrate notes that responses to interrogatories should be of such definitive nature as to eliminate ambiguities and the potential for arguments at trial as to what a party had stated as to a relevant fact. To the extent that such information has been disclosed in depositions or in affidavits or declarations of agents for the plaintiffs, such information need not be repeated in any supplemental answer to an interrogatory requiring the same information. Supplemental responses shall be filed no later than December 19, 1986. In all other respects, Hartford's motion to compel is DENIED.

The Plaintiffs' Motion to Compel Further Answers to Interrogatories and Production of Documents by the Defendants

A. The Request for other Policyholder Information and for Information on Reserves and Reinsurance.

■ The Magistrate concludes that the motion to compel as to the interrogatories directed to these issues must be DENIED, except as hereinafter expressly provided, as imposing an inordinate and expensive burden for information marginally relevant at most. *Cf. Carlson Companies, Inc. v. Sperry & Hutchinson Co.*, 374 F.Supp. 1080, 1088 (D.Minn.1974).

The plaintiffs' Interrogatory Number 35 reads:

Have you, at any time between 1970 and the present, indemnified any of your policyholders with regard to any claim involving allegations of injury or damage purportedly resulting from exposure to chemicals and drugs (e.g., benzene, dioxin, DES, DDT, etc.)? If so, identify:

(a) The date on which you first learned of each such claim;

(b) The name of each policyholder making, or involved in, the claim;

(c) The date and amount of each payment that you made relating to each such claim;

(d) The identity of each insurer involved in each claim;

(e) All persons with knowledge of the facts; and

(f) All related documents.

The tremendously comprehensive scope of this interrogatory is obvious. One of the significant reasons for the Magistrate's delay in ruling on these pending motions and in reading the entire court file was to develop as a complete an understanding of the issues now involved in the case and the practices in the insurance industry as possible to strike an appropriate balance between relevancy, and burden and expense.[2]

---

2. Robert E. Hyland, Assistant Claim Counsel in the Claim Department of Aetna Casualty and Surety Company in an affidavit has represented that Aetna does not separately list, index, or maintain claim files for chemical and drug cases. He has further represented Aetna has fifty-two branch offices and forty-seven regional claim offices in which claim files are created and maintained. These files would have to be manually searched. He further stated that assuming Charter were prepared to accept a limitation to the Home Office files, the 380,000 files referred to, if subject only to a 30 second examination per file to determine whether a claim was a general liability chemical or drug claim, would take over 3,000 hours simply to locate the claims responsive to Interrogatory No. 35. Much more substantial time would be required to examine the contents of the files to protect privileged information and to extract the infor-

mation specifically responsive to the interrogatory.

Martin M. Maliner, an Assistant Vice-President of INA in the Claim Management Department of INA's Home Office in Philadelphia, Pennsylvania in an affidavit has stated that to respond to Interrogatory No. 35 "millions of claims files located at over 60 INA field claims offices as well as at the Philadelphia home office and various document storage facilities, would have to be reviewed. This would be an enormously expensive and time-consuming undertaking and it would interfere substantially with the day-to-day operations of INA's business offices."

Counsel for Hartford and First State Insurance Company, noting that "environmental claims" as used by plaintiffs' counsel to describe the scope of Interrogatory No. 35 can encom-

The Magistrate is satisfied that the argument of Hartford, that the primary issue to which this interrogatory is directed is whether the dioxin spraying or the resulting damage was "unexpected" or "unintended" and the proper application of the pollution exclusion contained in the policies, is sound in the present context of the case. Hartford aptly observes that the issue of pollution exclusion has not been involved in the delayed manifestation cases dealing with asbestos and drugs like DES. Thus the·overbreadth of this interrogatory is obvious as to the scope of chemicals and drugs within its scope. The Magistrate also has substantial problems with the time span of thirteen (13) years for which the information is sought.

The plaintiffs argue that a response to this interrogatory could lead to evidence of how the carriers have interpreted the provisions in the insurance policies at issue such as the "pollution exclusion" clause and the "expected and intended" language with respect to other types of similar claims.[3] But there is a substantial question in the scientific world whether all chemicals and drugs operate in the same way in their effect on human beings and on real property and whether such differences and variables make plaintiffs' assumptions unfounded with respect to similarity of claims to develop any probative evidence based on any assumed analogy. See discussion in *American Home Products Corp. v. Liberty Mutual Insurance Co.*, 565 F.Supp. 1485 (S.D. N.Y.1983) *aff'd as modified*, 748 F.2d 76 (2d Cir.1984); *Olin Corporation v. Insurance Company of North America, et al.*, 84 Civ. 1968 (LEM), Opinion of Special Master Stephen E. Kaufman, July 10, 1986, Slip Opinion at page 6. The Magistrate concludes that before the plaintiffs can pursue discovery as to other drugs they must make a far greater showing than they here have made. The Magistrate will, however, allow further discovery as to dioxin claims involving the spraying of any substance containing dioxin on land or release thereof into waterways or streams for other policyholders for the years 1979, 1980, 1981, 1982 and 1983 in which the policyholder was indemnified. The motion to compel is GRANTED only to this limited extent. Such a resolution is consistent with the Court's approach in *Carey-Canada. Inc. v. California Union Insurance Company, et al.*, C.A. No. 83–1105, Slip Opinion at 8, filed May 29, 1986 (Pratt, J.) ·and this Magistrate's ruling in *Eli Lilly & Co. v. The Home Insurance Co.*, C.A. No. 82–0669, Slip Opinion at 3–4, filed July 8, 1983, where this Magistrate ordered production "as to documents that refer or relate to insurance coverage of DES-related claims against other insureds."[4] The Magistrate also there directed:

pass everything from an oil spill to nuclear fallout, have also emphasized the tremendous burden and expense involved in complying with this interrogatory. Richard F. Sargis, Director of Casualty Claims Administration for the Hartford Insurance Group in an affidavit stated that it would take a team of five (5) Hartford employees at least 1–2 years to search through the approximately 285,000 closed and pending files to retrieve the information required by Interrogatory No. 35.

3. Implicit in this rationale is the question whether the language is ambiguous and extrinsic parol evidence will be admissible to prove the meaning thereof by determining how policies with the same language have been administered by the carriers' agents and employees in the past with respect to other chemicals and drugs and applied to other policyholders. This may then present the question of whether the law of Missouri, or the law of New York with respect to certain excess policies, would allow extrinsic evidence. However, the Magistrate has concluded that it would be inappropriate to preclude discovery at this time on the assumption that the trial judge here, may at trial, preclude such evidence either to prove the meaning of the clauses and provisions at issue or to impeach the defendants' witnesses on the meaning and application of the pollution clause at issue and how it has been applied to other policyholders. It is noted that defendants have argued that Missouri would allow extrinsic evidence regarding ambiguous policy provisions, citing *Leggett v. Missouri State Life Insurance Co.*, 342 S.W.2d 833, 852 (Mo.1960) (en banc).

4. There could be a question of whether the "unexpected" and "unintended" language applies to the act, e.g. the spraying of the oil containing dioxin, or to the result, e.g., the causing of bodily injury and property damage and how the insurance carriers have construed these words in similar dioxin cases involving other policyholders.

The defendants shall have until August 15, 1983 to search for, and locate, such documents and records, and until September 9, 1983 to obtain the consent *vel non* of their respective insureds on the release of such documents, or alternatively, to redact the identity of the insureds or any other information regarded as confiedntial, trade or business secret information.

A similar approach is justified here. The defendants shall have to December 31, 1986 to search their files for the information required by this ruling and to obtain the consent of third-party policyholders to release any information responsive to Interrogatory 35, as narrowed herein, or alternatively to furnish such information and documents in redacted form identifying the policyholder by a code designation. The defendant responding shall file under seal, but not serve the other parties, a document setting forth the true identity of the policyholder with the related code designation should there be a need for an *in camera* examination in connection with any motion to compel disclosure, should the case not be resolved on summary judgment and a trial eventually becomes necessary. To the extent a third-party policyholder does not object, or the redaction and code designation method is employed, supplemental responses to Interrogatory No. 35 shall be filed, and related document production made, no later than January 20, 1987.[5] In so ruling the Magistrate is not unmindful of the court's ruling in *UNR Industries Inc. v. Continental Insurance Co.,* No. 85C 3532 (83 A 2523) (Sept. 4, 1986) in which Judge William T. Hart in Chicago, Illinois in a pretrial order in an asbestos insurance coverage action ruled, that the primary carriers' motion to exclude evidence of other insureds, reinsurance and insurance reserves was granted, but this was without explanation of the factual context and a discussion of what State law would apply.

■ Turning to the issue of reserves and reinsurance, after a thorough study of the court record, the Magistrate concludes that the motion to compel as to these issues should be DENIED as seeking information of very tenuous relevance, if any relevance at all. The Magistrate is persuaded by argument of counsel for Harbor Insurance Company that a reserve essentially reflects an assessment of the value of a claim taking into consideration the likelihood of an adverse judgment and that such estimates of potential liability do not normally entail an evaluation of coverage based upon a thorough factual and legal consideration when routinely made as a claim analysis. This basic characteristic of reserve information was recognized by the court in *Union Carbide Corp. v. Travelers Indemnity Co.,* 61 F.R.D. 411 (W.D.Pa.1973). Where the reserves have been established based on legal input, the results and the supporting papers most likely will be work product and may also reflect attorney-client privilege communications. Reinsurance information at this stage of the proceedings, and based on a review of the discovery record to date, appears to be no more relevant than reserve information.

In addition to the interrogatories and related document production directed to the issues of other policyholders, reserves and reinsurance, plaintiffs' motion to compel seeks an order compelling further answers to Interrogatory Nos. 4–5, 7–9, 13, 15–16, 23–28, 31, 51 and 52. The Magistrate has fully considered plaintiffs' arguments that several of the defendants have allegedly improperly used Rule 33(c) to refer to other pleadings, files and records, have declined to furnish what facts were then known to that defendant because discovery was still in process, and have been evasive and incomplete in answering certain interrogatories and all the related subparts. The Magistrate concludes that many of these defects have been since resolved by supplemental answers and production of documents, by depositions which have occurred, and in connection with the subsequently filed motions for partial summary judgment. Further, to the extent this is not so, as to contention interrogatories, the Magistrate considers it more judicially efficient and conserving of counsel's time and

---

5. If a third-party policyholder objects, the defendant insurance carrier shall make a filing reflecting that fact and submit the responsive information for *in camera* examination by the Magistrate and any further hearing as to the objection, which may be necessary.

litigants' personnel and financial resources to hold in abeyance any requirement for supplementation until after all pending partial summary judgment motions have been resolved so that we may then assess what parties and what issues, if any, will remain in the case. Based on these considerations the Magistrate will now require supplementation and furnishing all factual information now available to a defendant, as of the date of response, based on discovery to date as to the following interrogatories (and the related document production)—Interrogatory Nos. 8(c) and (d), 13(c) and (d), 25(c) and (d), 27(c) and (d), 28(b) and (c) and 51(c) and (d), the information being required by these subparts to be furnished only to the extent not currently *complete* in the answers already furnished or in depositions of individuals for that party defendant. What is required is an updating of all additional factual information learned since the last response and the identification of *all* additional persons with knowledge of the pertinent facts now known to the particular defendant. To the extent applicable, supplemental responses shall be filed no later December 19, 1986. Each of the 18 defendants against whom the motion to compel was directed shall file a response even if the answer is to the effect that the defendant has no additional factual information or names of additional persons with knowledge of the facts.