GREAT LAKES DREDGE AND DOCK COMPANY, Plaintiff,

v.

COMMERCIAL UNION ASSURANCE COMPANY, et al., Defendants.

No. 94 C 2579.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 31, 1995.

Terry M. Grimm, Duane M. Kelley, Jack J. Crowe, Michael V. Hasten and James F. Hurst, Winston & Strawn, Chicago, IL, for Great Lakes Dredge and Dock Co.

Don W. Fowler, Richard Edward Mueller, Frederic W. Weber and David M. Agnew, Lord, Bissell & Brook, Chicago, IL, for Commercial Union Assur. Co., Ocean Marine Ins. Co., Ltd., Sirius (U.K.) Ins., P.L.C., Prudential Assur. Co., Ltd., Pearl Assur. Public Ltd. Co., Indem. Marine Assur. Co., Ltd., London & Hull Maritime Ins. Co., Ltd., Sovereign Marine and Gen. Ins. Co., Ltd., Tokio Marine & Fire Ins. Co., Ltd. (U.K.), Northern Assur. Co., Ltd., Scottish Lion Ins. Co., Ltd., Threadneedle Ins. Co., Ltd., Ins. Co. of North America (U.K.), Ltd., Minster Ins. Co., Ltd., Yorkshire Ins. Co., Ltd. and Orion Ins. Co., P.L.C., Phoenix Assur. Public Ltd. Co., Norwich Union Fire Ins. Soc., Ltd., Bishipsgate Ins., Ltd., Sphere Drake Ins., P.L.C., DIA-Tokyo Ins. Co. (U.K.) Ltd., Lombard Continental Ins., P.L.C., Assicurazioni Generali, S.P.A., La Reunion Francaise Soc. Anon D'Assurances At Des Reassurances, Hansa Marine Ins. Co. (U.K.), Ltd., Vesta (U.K.) Ins. Co., Ltd., and Certain Lloyd's Syndicates Underwriting the Policy Evidenced by Cover Note 91E1979.

Neal R. Novak, Dan J. Hofmeister, Jr. and Michael Lee Tischleder, Brand & Novak, Ltd., Chicago, IL, for Yasuda Fire & Marine Ins. Co. of Europe, Ltd. and Marine Ins. Co., Ltd.

William J. Harte, Stephen L. Garcia, William J. Harte, Ltd.; Richard Charles Bollow, Russ M. Strobel, Theodore Robert Tetzlaff, Kenneth A. Kroot, Jenner & Block; and Michael A. Forti, City of Chicago, Law Dept. Corp. Counsel, Chicago, IL, for intervenors.

### RULING ON PLAINTIFF'S MOTION TO COMPEL UNDERWRITERS TO ANSWER DISCOVERY

LEFKOW, United States Magistrate Judge:

■ Plaintiff, Great Lakes Dredge and Dock Company, seeks discovery from a group of defendant "Underwriters" concerning the reinsurance or lack thereof of the policies at issue in this litigation. Underwriters vigorously oppose the motion on the basis of irrelevance, disputing all of Great Lakes' arguments and authorities. Underwriters cite *Leksi, Inc. v. Federal Insurance Co.*, 129 F.R.D. 99, 106, 115 (D.N.J.1989); *Independent Petrochemical Corp. v. Aetna Cas. & Surety Co.*, 117 F.R.D. 283, 286–88 (D.D.C. 1986); and *Rhone–Poulenc Rorer, Inc. v. Home Indemnity Co.*, 139 F.R.D. 609, 612 (E.D.Pa.1991), all of which denied discovery of reinsurance information in coverage disputes similar to this one.

In *Leksi*, the movants argued that information regarding reinsurance was relevant to the insurers' interpretation of the scope of coverage. *Leksi*, 129 F.R.D. at 106. Noting that the decision to reinsure is based on business considerations rather than policy interpretation, the court found the relevance "very tenuous" and denied discovery. *Id.* In *Independent*, the court likewise denied discovery of reserves and reinsurance on the basis of "very tenuous" relevance to the issue of policy coverage. *Independent*, 117 F.R.D. at 288. Somewhat differently from the movants in those cases, Great Lakes contends that the requested information concerning reinsurance is relevant to the issue of whether two $40 million primary policies existed rather than one. If reinsurance existed for two policies, Great Lakes believes that would be an admission of coverage. On the other hand, the absence of reinsurance would indicate Underwriters had a bad faith motive to deny coverage.

This really is the same issue of intention raised in *Leksi* and *Independent*. Underwriters' purchase of reinsurance may show their subjective belief or intention, but it does not mean a primary insurance policy was in effect.[1] If, however, other evidence supports plaintiff's position that the policy was in effect, reinsurance in the face of denial of coverage might suggest bad faith. Great Lakes also believes bad faith would be demonstrated with the opposite outcome— lack of reinsurance. That hay could be made from either outcome is probably the best demonstration that the probative value of this information is little. *National Union Fire Ins. Co. v. Continental Illinois Corp.*, 116 F.R.D. 252 (N.D.Ill.1987), on which Great Lakes relies, is distinguishable. There, communications regarding reinsurance were found relevant to whether the insurers had relied on allegedly material misrepresentations of the defendants, an issue not present in this litigation. The court concludes that the relevance of "all documents" relating to reinsurance is too attenuated to be discoverable under the relevant evidence standard of Rule 26.[2]

■ Nevertheless, reinsurance policies are discoverable under Rule 26(a)(1)(D). *See National Union*, 116 F.R.D. at 84. The rationale of *National Union* requiring discovery under this rule is not undermined by the distinction the Underwriters raise, that in a declaratory judgment action reinsurance documents are not discoverable because there is no monetary liability at stake.[3] The source of the distinction is *Rhone–Poulenc Rorer, Inc. v. Home Indemnity Co.*, 1991 WL 237636 (E.D.Pa. Nov. 7, 1991) (*"Rhone–Poulenc II"*), where the court said the automatic discovery rule did "not necessarily" apply in a declaratory judgment action, adding that "rule 26(b)(2) [now 26(a)(1)(D) ] does not contemplate hypothetical future cases, but only

the instant case." *Id.* at *2. But in that case some of the claims were monetary claims, so the discussion is *dicta.* Likewise, in *American Colloid Co. v. Old Republic Ins. Co.*, 1993 WL 222678 (N.D.Ill. June 21, 1993), the declaratory judgment distinction from *Rhone–Poulenc II* was a ready basis to reject an argument, but because monetary damages were at stake the court did not need to analyze the issue. In *National Union*, which was principally a declaratory judgment action concerning coverage, the liability of the putatively insured defendants arose from underlying litigation. Although the precise nature of the pleadings is not revealed in the cited decision, the court did note in reference to the Rule 26 language "payments made to satisfy the judgment,"

> Rule 26(b)(2) does not depend on the scope or amount of indemnification. It is enough that the reinsurers would be liable to Insurers for part of any judgment based on the Policies.

*National Union*, 116 F.R.D. at 84 n. 12. The court's discussion of the policy considerations underlying the rule, which include enabling counsel to make realistic assessments of both settlement and litigation strategy, *id.* at 84– 85, support its broader reading of the rule. A declaratory judgment against Underwriters in this case will lead inevitably to the payment of monetary claims. For these reasons, the reinsurance policies are discoverable.

■ Great Lakes is not persuasive in arguing that whether the Underwriters after the flood discouraged other insurers from providing insurance to Great Lakes is relevant to their motives in denying coverage. There is no claim such as intentional interference with business relations that would suggest discovery regarding unrelated entities is genuinely needed. This discovery is denied.

---

1. Reinsurance agreements, which at best reflect an undisclosed unilateral intention, are irrelevant to determining the intent of the parties to the primary insurance contract. Thus, they would be non-discoverable even were a finding of ambiguity made. *Rhone–Poulenc*, 139 F.R.D. at 611–12.

2. This ruling includes information regarding reserves.

3. Rule 26(a)(1)(D) refers to "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of *a judgment which may be entered in the action* or to indemnify or reimburse for payments made to satisfy *the judgment* " (emphasis added).

It is therefore ordered that Great Lakes' Motion to Compel Underwriters to Answer Discovery is granted in part and denied in part.